Christi **GUTHMILLER**, Plaintiff and Appellee,

v.

Raymond **GUTHMILLER**, Defendant and Appellant.

Civ. No. 890198.

Supreme Court of North Dakota.

Nov. 29, 1989.

Vogel Law Firm, Mandan, for defendant and appellant; argued by Colette M. Bruggman.

John S. Steinberger, Jr. (argued), Kenmare, for plaintiff and appellee.

ERICKSTAD, Chief Justice.

Raymond Guthmiller appeals from a district court order dated May 8, 1989, modifying his child support obligation. The Notice of Appeal to this Court was filed June 21, 1989. We affirm in part, reverse in part, and remand.

Raymond and Christi were divorced on April 13, 1988. Christi was awarded custody of the couple's five minor children, Pamela, David, Troy, Michelle, and Melissa. Raymond was ordered to pay child support in the amount of $50 per month per child for David, Troy, Michelle, and Melissa.[1]

On July 8, 1988, Raymond was declared disabled and awarded disability in the amount of $686 per month from the United States. The minor children were each awarded $89 per month in secondary benefits.[2] On October 11, 1988, the trial court modified the divorce judgment by giving custody of David to Raymond. Raymond received all of the children's disability payments, totaling $356 per month until February 1989. In March 1989, Christi began receiving $267 per month as representative payee for Troy, Michelle, and Melissa. Raymond remained the representative payee for David, receiving $89 per month.

On March 29, 1989, Raymond made a motion to modify the judgment as it pertained to child support. Raymond based his motion on the fact that he had been declared disabled, that the children were receiving insurance benefits, and that he had been awarded custody of David.[3] The trial court issued an Order Modifying Child Support on May 8, 1989, reducing Raymond's child support payments from $200 per month to $171.50 per month, pursuant to North Dakota Human Services child support guidelines. Raymond then appealed to this Court. On appeal, Raymond contends that the district court erred in failing to give him credit for the children's social security disability benefits which Christi receives as representative payee for the children; and in the alternative, that the

---

1. Since entry of judgment, Pamela became 18 years of age.

2. The Social Security Act as it pertains to children's insurance benefits is codified at 42 U.S.C. § 402(a) through (f), and in pertinent part provides:

    *"(d) Child's insurance benefits*
    (1) Every child (as defined in section 416(e) of this title) of an individual entitled to old-age or disability insurance benefits, or of an individual who dies a fully or currently insured individual, if such child—
    (A) has filed application for child's insurance benefits,
    (B) at the time such application was filed was unmarried and (i) either had not attained the age of 18 or was a full-time elementary or secondary school student and had not attained the age of 19, or (ii) is under a disability (as defined in section 423(d) of this title) which began before he attained the age of 22, and
    (C) was dependent upon such individual—

    (i) if such individual is living, at the time such application was filed,
    (ii) if such individual has died, at the time of such death, or
    (iii) if such individual had a period of disability which continued until he became entitled to old-age or disability insurance benefits, or (if he has died) until the month of his death, at the beginning of such period of disability or at the time he became entitled to such benefits,
    shall be entitled to a child's insurance benefit for each month,...."

3. By order dated August 11, 1989, subsequent to the filing of this appeal, the trial court awarded custody of Troy to Raymond and reduced Raymond's child support obligation to $150.92 per month pursuant to the North Dakota Human Services guidelines.

district court erred in failing to consider the children's social security benefits in the totality of the circumstances when setting Raymond's child support obligations.

▇ Courts invested with the power to grant divorces and award child support have the power to change or modify the amount of child support to be paid whenever a proper showing has been made that the circumstances of the parties have materially changed. *Tiokasin v. Haas*, 370 N.W.2d 559, 561 (N.D.1985); *Skoglund v. Skoglund*, 333 N.W.2d 795, 796 (N.D.1983); *Nygord v. Dietz*, 332 N.W.2d 708, 709–10 (N.D.1983). A change in financial circumstances by itself does not justify a modification in child support without further inquiry into the cause of the change, including whether or not the change was permanent or temporary and whether or not it was due to a voluntary act or to neglect on the part of the obligor. *Cook v. Cook*, 364 N.W.2d 74 (N.D.1985); *Burrell v. Burrell*, 359 N.W.2d 381 (N.D.1985).

▇ Our standard of review of a trial court's disposition of a motion to modify the provisions in a divorce decree is governed by the "clearly erroneous" standard of Rule 52(a), N.D.R.Civ.P. *Bloom v. Fyllesvold*, 420 N.W.2d 327, 331 (N.D. 1988); *Skoglund supra; Corbin v. Corbin*, 288 N.W.2d 61, 64 (N.D.1980). A finding of fact is clearly erroneous when, although there is some evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. *Bloom, supra.*

▇ The statutes of our state set forth a strong public policy requiring the courts to assure the proper support and maintenance of minor children. *See Mathisen v. Mathisen*, 276 N.W.2d 123, 128 (N.D.1979). The primary factors to be considered by the court in fixing amounts of child support include each parent's earning ability, current financial circumstances and necessities, as well as the necessities of the children. *Tiokasin, supra* 370 N.W.2d at 562; *Heller v. Heller*, 367 N.W.2d 179, 182 (N.D. 1985). The objective of the trial court in setting child support payments must be to strike a balance between the needs of the children and the ability of the father to pay. *Gronneberg v. Gronneberg*, 412 N.W.2d 84, 95 (N.D.1987); *Fraase v. Fraase*, 315 N.W.2d 271, 277 (N.D.1982); *Kostelecky v. Kostelecky*, 251 N.W.2d 400, 403 (N.D.1977).

The district court found:

"I.

"The Defendant, Raymond Guthmiller, is disabled under the provisions of the Social Security Act.

"II.

"That his income is now a $686.00 benefit from the Social Security Disability Program.

"III.

"That each of the minor children, Troy, Melissa and Michelle Guthmiller are in the actual physical care, custody and control of the Plaintiff, Christi Guthmiller, and each receives Social Security benefits in the amount of $89.00 per month arising from Raymond's disability."

The district court then concluded:

"I.

"That the Court has jurisdiction over the subject matter of and the parties to this action.

"II.

"That Raymond Guthmiller has a duty to support these children and is required to make payments for the support of his children commensurate with his ability to do so.

"III.

"That paragraph XV of the Divorce Judgment is hereby modified to read that 'The Court orders that Raymond Guthmiller pay child support in the amount of $171.50 per month for the support of his children, Troy, Michelle and Melissa Guthmiller, on the 1st day of each month

commencing on the 1st day of the month after the entry of this Order and monthly thereafter.'

"IV.

"That the Defendant is not to be given credit for nor is he to receive credit against the $171.50 ordered for the $89.00 in direct payments paid monthly to each of the children from the Social Security Administration under the disability program.

"V.

"Except as modified herein, the Judgment of Divorce dated 13 April, 1988, shall remain in full force and effect."

The issue of whether or not there has been a material change in circumstances justifying a change in child support payments was raised in the district court by Christi's counsel when he said, "The tables and regulations by the Department of Human Services, although there is talk about—there is statutory references to change of circumstances, I don't feel that

this is those change of circumstances." In response, the district court said: "I think the only logical construction is to give him a reduction only to the extent that the guidelines provide, that he pay $171.50."

■ On appeal to this Court, Raymond asserts that "[T]here exist significant changes in circumstance warranting the modification of Raymond's child support or allowing a credit for the children's insurance benefits received by Christi as representative payee." Although the district court made no specific finding that the circumstances of the parties had materially changed, it proceeded to change the payments to correspond with the North Dakota Human Services guidelines. We agree that Raymond's temporary disability, the award of insurance benefits to the children, and the transfer of custody of David and Troy from Christi to Raymond constitute a change in circumstances.[4] Not relevant here, but possibly on remand, are the findings and recommendations of the Referee in Raymond's order to show cause hearing which occurred subsequent to the appeal in this case.[5]

4. In *Anderson v. Anderson,* 448 N.W.2d 181 (N.D.1989) we reversed a judgment of the district court and remanded the case for a new hearing and redetermination of custody because the court, in its findings, failed to address the issue of whether or not there had been a material change in circumstances before it addressed the issue of whether or not it would be in the best interests of the child to change custody.

In the instant case, Christi does not argue that there has been no material change in the circumstances or that the district court erred in not making a finding relative to that issue. Instead, she argues, among other things, that it was appropriate, "that the lower court only review, examine and evaluate Raymond's income because his support obligation is independent of the level of Christi's income." We believe that this case is clearly distinguishable, both on the issues raised and on the facts.

5. Raymond fell behind in his child support payments in July 1989. In August 1989, an order to show cause was issued from the District Court for Kidder County and a hearing was held on September 7, 1989. Referee James N. Purdy made the following findings and recommendations:
"FINDINGS OF FACT
"1. That the latest District Court Order dated 8/11/89 ordered a reduced monthly support obligation of $150.92 per month effective 9/1/89 for two children.
"2. That the Defendant has failed to make child support payments as ordered resulting in the accumulation of arrearage in the amount of $493.92 through and including September, 1989.
"3. That the Defendant is disabled and has no income other than the following—$686 per month social security disability, $89 per month social security for David Guthmiller and $10 per month as mayor of the City of Pettibone, N.D.
"4. That the Defendant's two sons, Troy and David Guthmiller reside with the Defendant.
"5. That the Defendant's monthly living expenses total $1,308 per month, plus some additional monthly medical bills not covered by insurance. That said expenses are reasonable and necessary, and exceed the Defendant's monthly income.
"6. That the amount the Defendant can pay per month as child support is nothing, as the Defendant has no ability to pay.
"7. That the Defendant's failure to make his Court ordered child support payments is not deliberate.
"8. That the Defendant has no ability to pay anything on the arrearage of $493.92.
"9. That no income tax refunds are due to the Defendant.

We do not believe, however, that the district court properly modified Raymond's child support obligation. Raymond has cited, in his brief, a number of jurisdictions which give a disabled parent credit toward child support obligations for social security benefits received by the child, or the custodial parent as representative payee for the child. As an alternative to a dollar-for-dollar set-off, Raymond directs us to a number of jurisdictions which consider the child's benefits in the totality of the circumstances in a request for modification of child support or in defense of a contempt proceeding.

While this question of credit, sought by Raymond, is a question of first impression in North Dakota, the majority of jurisdictions in which the problem has been raised hold that ordinarily a father is entitled to credit on his child support obligation for social security dependency payments made directly to his children or for their benefit.[6] The Appellate Division of the Superior Court of New Jersey expressed its view in this manner:

> "The rationale underlying this view is that such payments are not gratuities but were earned by the wage earner during his period of employment and that they constitute in effect insurance payments substituting for lost earning power. *See Potts v. Potts, Iowa,* 240 N.W.2d 680, 681 (Sup.Ct.1976); *Binns v. Maddox,* 57 Ala.App. 230, 327 So.2d 726, 728 (Civ.App.1976); *Andler v. Andler,* 217 Kan. 538, 538 P.2d 649, 653 (Sup.Ct. 1975); *Cohen v. Murphy,* 368 Mass. 144, 330 N.E.2d 473 (Sup.Jud.Ct.1975); *Horton v. Horton,* 219 Ga. 177, 132 S.E.2d 200, 201 (Sup.Ct.1963); *Cash v. Cash,* 234 Ark. 603, 353 S.W.2d 348, 350 (Sup. Ct.1962)."

*Potter v. Potter,* 169 N.J.Super. 140, 404 A.2d 352, 356 (Ct.App.Div.1979).

Christi argues that the insurance benefits are owned by the children, and therefore, should not be used to reduce Raymond's child support obligations. She contends that such a use of the benefits would violate section 14–09–08, N.D.C.C., which makes it a parent's obligation to provide support for any dependent children. The Superior Court of Pennsylvania addressed a similar issue as to whether, and under what conditions, a support obligation should be reduced by the amount of social security retirement benefits paid to the children. The court said:

> "The issue is not whether, technically speaking, a Social Security recipient has a vested right in the nature and amount of the benefits. Rather, the enquiry should be whether it is fair and just that the support obligor be given credit for these benefits.... First, since the obligor has paid in advance for these benefits over the years (albeit mandatorily), they should be recognized as the fruits of his labor. Second, since the child will still receive the same amount of support which the court has decided he should have, it does not matter to that party that the obligor is given credit.
>
> "Accordingly, we hold that credit should be given for social security payments made directly to the child when the obligor's employment occasioned the benefits. As a consequence, the amount of child support directly payable by appellant should be reduced by the amount of the social security benefits."

*Children & Youth Services v. Chorgo,* 341 Pa.Super. 512, 491 A.2d 1374, 1377–78 (Pa. Super.1985).

"10. That the Defendant has been declared disabled by Social Security until December, 1991. That the Defendant anticipates no change in his disability status for the foreseeable future and has no prospect of employment.
"From the foregoing Findings of Fact, it is hereby
"RECOMMENDED
"1. That the Defendant not be found in civil contempt of court.

"2. That the Defendant's child support continue to accrue each month until further order of the Court.
"3. That if the Defendant's financial condition improves, that he shall report said fact to the Clerk of District Court at Steele, North Dakota."

**6.** For a discussion of an obligor's right to credit on child support payments for social security benefits paid for the support of the child, *see* 77 A.L.R.3d 1315, § 5 (1977).

The Pennsylvania Court set out four possible options as to when credit could be given: credit must always be given; credit will not be given unless special requirements are met; the court may, in its discretion, award credit;[7] and finally, there is a presumption that credit will be applied, which is rebutted only by articulated reasons supporting the conclusion to the contrary in the court's support order.

We are inclined to believe that the fourth option is the best approach. In choosing the fourth option, the Pennsylvania Court said:

"The first option, invariable mandatory credit, is insufficiently flexible for the trial court's needs. While general rules and guidelines are desirable for consistency of results, the trial court must have the ability to fashion its orders around the contours of specific fact situations.

"The second option—financial inability—puts too much of an obstacle in the way of recognizing the government benefits. For the same reasons that credit should be given at all, it should not be too difficult for that credit to be activated.

"While the third option—discretionary credit—presents less of an obstacle to according credit than the second option, it does not go far enough. The court must affirmatively choose to give credit.

"Thus, it is the last option which strikes the right balance. Credit is given as the default value; it need not be chosen. In the other direction, the court still has the ability to alter the presumption and give partial or no credit, should the circumstances justify it."

*Id.* 491 A.2d at 1378.

A financial affidavit of Raymond Guthmiller dated March 29, 1989, and filed with

the district court indicates that Raymond's monthly gross income from all sources is $686, that he had $38 in savings, and that his monthly expenses exceed $1,500.

It does not appear that Raymond has any other income sufficient to meet the support obligation. It seems, in this case, that social security payments received on behalf of the minor children, as a result of the parent's disability, should be credited toward that parent's support obligation not exceeding the monthly support obligation set forth in the decree of divorce, especially in light of the parent's apparent inability to pay the child support obligations as indicated by the Referee Report. But as we have elected to apply what is described above as the fourth option, we think it appropriate to remand this case to the trial court so that it may apply the presumption or state why it is not doing so.

This Court stated in *Penuel v. Penuel,* 415 N.W.2d 497, 499 (N.D.1987), that a father would not be relieved of his duty to support his disabled daughter even though the "deep pockets of the federal government will bear the extra cost of Laurie Ann's care to the extent we relieve him from it." *Penuel* is clearly distinguishable from the instant case. James Penuel suffered a stroke which left him partially paralyzed and unable to work. He requested a reduction of his $200 per month child support obligation and elimination of his $75 per month spousal support payment. James' daughter was receiving welfare benefits due to her own condition, not that of her father. We also found, in *Penuel,* that James had a monthly excess after expenses and that there was not a material change of circumstances warranting a reduction of his divorce decree obligations.

---

7. The third option was enunciated in *Chase v. Chase,* 74 Wash.2d 253, 444 P.2d 145 (1968). In *Chase,* the Supreme Court of Washington said:

"The disability and resulting entitlement to social security are changes in condition of the parties to be considered in a modification proceedings [sic] but do not give rise to a modification or deduction without affirmative action by the court for they are not necessarily determinative. The father may be independently wealthy; or he may, in the interim, have inherited property. Benefits from private or public retirement systems may have accrued and become payable to him. In short, many developments affecting the economic condition of the parties may have occurred which would not permit or warrant a modification of the decree to the extent of deducting the social security benefits for dependent children from the child support ordered in a decree of divorce."

*Id.* 444 P.2d at 149.

In the instant case, the benefits which the children receive are due to Raymond's disability. The trial court apparently found, and we agree, that there has been a material change of circumstances. Unless the trial court on remand concludes contrary to the Referee's findings and recommendations on the basis of facts on the record or on the basis of new evidence received on remand, it would appear that the court's findings would be clearly erroneous not to give credit for the children's social security benefits.

Raymond contends that the credit given for the social security payments Christi has received on behalf of the children should be retroactive and thus applied to his current arrearages.[8] This Court has stated in the past the principle that accrued, but unpaid child support payments cannot be modified. *See, Coogan v. Fennell,* 379 N.W.2d 791 (N.D.1985); *Meadows v. Meadows,* 312 N.W.2d 464 (N.D.1981); *Corbin v. Corbin, supra,* 288 N.W.2d at 64; *Kinsella v. Kinsella,* 181 N.W.2d 764 (N.D.1970).

Courts have held that in a situation warranting modification of child support, the court has the option of making the modification effective either as of the time of the filing of the motion to modify child support or as of the date of the decree of modification, but it may not modify the decree retroactively. *Chase v. Chase,* 74 Wash.2d 253, 444 P.2d 145, 149 (1968). We have previously, on this issue, urged readers to:

> "Compare *Sexton v. Sexton,* 32 Ohio App.2d 344, 291 N.E.2d 542, 545 (1971) (court has jurisdiction to modify only prospective support payments) *with Towne v. Towne,* 552 A.2d 404 (Vt.1988) (child support may be modified effective as of any time from the filing of the petition for modification; court noted that ruling does not disturb prohibition against retroactive modification of arrearages accrued as of the date the petition for modification was filed.)"

---

8. As of September 7, 1989, Raymond's arrearages were in the amount of $493.92 through and

*Schmidt v. Schmidt,* 432 N.W.2d 860, 863, n. 3 (N.D.1988).

Some jurisdictions have held that such credit shall not be given until the court enters an order to that effect. *See Zirkle v. Zirkle,* 304 S.E.2d 664 (W.Va. 1983); *Cope and Cope,* 291 Or. 412, 631 P.2d 781 (1981); *Matter of Estate of Nakaerts,* 106 Ill.App.3d 166, 61 Ill.Dec. 950, 435 N.E.2d 791 (1982); *Hepton v. Hepton,* 25 Wash.App. 229, 605 P.2d 1288 (1980). We agree with the view of the Washington Supreme Court that "modification of support and alimony may be allowed as of the time of commencing the modification proceedings." *Chase v. Chase, supra* 444 P.2d at 149. To apply the credit to the arrearages which accrued prior to the obligor's filing of the modification application would amount to a retroactive modification of vested support rights. This we will not do. The credit should be applied at the time of the filing, however, only if the benefits are then being paid to the dependent child or the child's representative payee.

We conclude that the district court did not err in finding a material change of circumstances, albeit impliedly, but in light of the law that we deem applicable, we remand for a redetermination of the credit to be given for the children's social security benefits after further hearing as the court may deem appropriate. Accordingly, we affirm in part, reverse in part, and remand to the district court.

VANDE WALLE, LEVINE, MESCHKE and GIERKE, JJ., concur.