1997 ND 59

**Brenda Lee AUSTIN f/k/a Glatt, Plaintiff and Appellee,**

v.

**Anthony TOWNE f/k/a Glatt, Defendant and Appellant.**

**Civil No. 960215.**

Supreme Court of North Dakota.

April 1, 1997.

Rehearing Denied May 13, 1997.

Rhonda Rae Pierce, Special Assistant State's Attorney, Bismarck, for plaintiff and appellee.

Anthony Towne (Glatt), pro se, defendant and appellant.

SANDSTROM, Justice.

[¶ 1] We are asked to calculate the ten-day period for a motion to reconsider under N.D.R.Civ.P. 59(j), and to decide if social security dependency payments should be credited against a child-support arrearage. We affirm, concluding the motion under N.D.R.Civ.P. 59(j) was timely, and no credit for the dependency payments was appropriate.

## I

[¶ 2] Brenda Lee Austin (formerly known as Brenda Lee Glatt) and Anthony Towne (formerly known as Anthony Glatt) divorced in 1981. The district court awarded Austin custody of their two minor children, and awarded Towne visitation and ordered him to pay $100–per–month child support. In 1989, Towne began receiving disability benefits from the Social Security Administration for a period beginning in 1986. The children received dependency benefits directly from the Social Security Administration.

[¶ 3] Between 1981 and 1991, Towne accumulated substantial child-support arrearage.

[¶ 4] In 1991, under a written stipulation for amended judgment, the district court suspended Towne's parental rights and temporarily suspended his responsibilities, including payment of child support. He had over $7,000 in child-support arrearage at that time.

[¶ 5] In 1995, Towne requested a hearing to discuss modifying the arrearage. The district court found, under N.D.C.C. § 14–08.1–05(1)(c), child-support arrearage could not be retroactively modified and denied Towne's motion on December 14, 1995. On May 24, 1996, the district court issued an income withholding order requiring the Social Security Administration to withhold $100 per month from Towne's income. Towne filed a motion to reconsider modification of his child-support arrearage. On July 16, 1996, the district court denied the motion.

[¶ 6] Towne appeals the denial of his motion to reconsider under N.D.R.Civ.P. 59(j).

The district court had jurisdiction under N.D.C.C. § 27–05–06. The appeal is timely under N.D.R.App.P. 4(a). This Court has jurisdiction under N.D. Const. Art. VI, § 6, and N.D.C.C. § 28–27–01.

## II

[¶ 7] A motion to reconsider is a motion to alter or amend the judgment under N.D.R.Civ.P. 59(j) "for purposes of tolling the time period for filing [a] notice of appeal." *Continental Cas. Co. v. Kinsey,* 499 N.W.2d 574, 582 (N.D.1993); *see also Ellingson v. Knudson,* 498 N.W.2d 814, 817 n. 5 (N.D.1993) ("Motions to reconsider are like motions to amend or alter judgments under Rule 59(j), N.D.R.Civ.P."). Although Towne moved to reconsider the "JUDGEMENT (sic) entered in this action on July 16, 1996," the document of that date is not a judgment but rather a memorandum opinion and order. Because the memorandum opinion and order was clearly intended to be final, we treat it as a final judgment. *See American Ins. Co. v. Midwest Motor Express,* 554 N.W.2d 182, 183 n. 1 (N.D.1996) (memorandum decisions are generally not appealable unless the memorandum decision "demonstrates it was intended to constitute the final order of the court").

[¶ 8] A decision on a N.D.R.Civ.P. 59 motion is within the sound discretion of the trial court. *Lapp v. Reeder Pub. Sch. Dist. No. 3,* 544 N.W.2d 164, 166 (N.D.1996); *Schatke v. Schatke,* 520 N.W.2d 833, 835 (N.D.1994). We will not reverse the denial of a motion under N.D.R.Civ.P. 59 absent a manifest abuse of discretion. *Lapp; Schatke.* "A trial court abuses its discretion if it acts in an arbitrary, capricious, or unreasonable manner, or if it misinterprets or misapplies the law." *Filler v. Bragg,* 1997 N.D. 24, ¶ 9, 559 N.W.2d 225; *Weber v. Weber,* 548 N.W.2d 781, 783 (N.D.1996).

## III

[¶ 9] A trial court does not abuse its discretion by denying a N.D.R.Civ.P. 59(j)

motion if the motion was not timely. *See Brakke v. Brakke,* 525 N.W.2d 687, 690 (N.D. 1994) (it is an abuse of discretion when a trial court denies a timely filed motion as untimely). Austin argues the motion was not timely because it was not made within ten days of the memorandum opinion and order.

[¶ 10] Under N.D.R.Civ.P. 59(j), "[a] motion to alter or amend the judgment must be served not later than ten days after notice of entry of the judgment." The issue is not whether the motion was made within ten days of entry of judgment, but whether it was made within ten days of *notice* of entry. N.D.R.Civ.P. 59(j).

[¶ 11] In this case, there is no "notice of entry of judgment" contained in the record. However, the ten-day time limit for filing a motion to reconsider under N.D.R.Civ.P. 59(j) will also begin to run when the defendant has "actual knowledge of entry of [an] order ... clearly evidenced in the record." *Lang v. Bank of North Dakota,* 377 N.W.2d 575, 576 (N.D.1985).

[¶ 12] The record contains a sworn affidavit of mailing stating copies of the district court's finding and order of December 14, 1995, were mailed to Towne on January 16, 1996. We have recognized, however, "[a]n affidavit of mailing may be record notice but it does not equate with actual notice under these precedents establishing an exception to the requirement of service of notice of entry of judgment." *Thorson v. Thorson,* 541 N.W.2d 692, 694–95 (N.D.1996). Therefore, the affidavit of mailing does not show Towne had actual knowledge of the district court's order of December 14, 1995.

[¶ 13] The first clear evidence in the record showing Towne had actual knowledge of entry of the order is his June 17, 1996, "Motion to Vacate [the] Order of 1991 of Child Support and Visitation Termination," in which Towne requested "credit for child support by the way of Social Security Disability payments." Towne's ten-day period under N.D.R.Civ.P. 59(j) thus began on June 17, 1996. He moved to reconsider on June 24, 1996, well within the permissible ten days.

## IV

[¶ 14] Because a district court abuses its discretion if it misinterprets or misapplies the law, denial of Towne's motion would be an abuse of discretion if Towne were legally entitled to a credit against his child-support arrearage for the social security dependency payments to his children. Towne relies on our decision in *Guthmiller v. Guthmiller,* 448 N.W.2d 643 (N.D.1989). We recently interpreted *Guthmiller* in *Mehl v. Mehl:*

> "In *Guthmiller* ... we concluded social security dependency payments 'made directly to [the] children or for their benefit' presumptively constitute a change of circumstances for which the obligor is entitled to a credit toward his support obligation. The trial court's decision in *Guthmiller* was rendered before the effective date of the 1989 amendments to Chapter 14–09, N.D.C.C., making the scheduled child support under the guidelines the presumptively correct support obligation. Under the current guidelines it may or may not be appropriate to credit social security dependency payments toward the obligor's support obligation. *See Stultz v. Stultz,* 659 N.E.2d 125 (Ind.1995). Assuming the credit is appropriate, an issue we do not decide, the credit cannot be applied retroactively toward arrearage: 'To apply the credit to the arrearage which accrued prior to the obligor's filing of the modification application would amount to a retroactive modification of vested support rights. This we will not do. The credit should be applied at the time of the filing, however, only if the benefits are then being paid to the dependent child or the child's representative payee.'"

*Mehl v. Mehl,* 545 N.W.2d 777, 780–81 (N.D. 1996). Past due and unpaid support cannot be retroactively modified. *Throndset v. L.L.S.,* 485 N.W.2d 775, 780 (N.D.1992).

[¶ 15] In this case, Towne accumulated arrearage from 1981 to 1991. The children received Social Security Administration de-

pendency benefits in 1989. Towne did not apply for credit when the children began receiving benefits. Social Security Administration payments could not be credited retroactively to modify Towne's arrearage.[1] Because Towne was not entitled to have his child-support arrearage reduced by the social security dependency payments to his children, the district court did not abuse its discretion in denying Towne's motion to reconsider under N.D.R.Civ.P. 59(j).

## V

[¶ 16] The order of the district court is affirmed.

[¶ 17] VANDE WALLE, C.J., concurs.

MARING, Justice, specially concurring.

[¶ 18] I concur in the majority opinion, but write specially to voice my concern with our prior decisions in *Lang v. Bank of North Dakota*, 377 N.W.2d 575 (N.D.1985) and *Thorson v. Thorson*, 541 N.W.2d 692 (N.D. 1996). If we were visiting the issue of "notice" for the first time, I would join the dissent today. However, we do need a "bright line" interpretation governing when the time for appeal begins to run, so that lawyers and parties know when action is required. I strongly urge that Rule 77(d), N.D.R.Civ.P. be revisited for changes that would recognize service by affidavit of mailing as "notice" of entry of judgment or final order.

[¶ 19] Mary Muehlen Maring

MESCHKE, Justice, dissenting.

[¶ 20] Because I would dismiss this appeal as untimely, I respectfully dissent.

[¶ 21] The majority opinion concludes the sworn affidavit of mailing of the district court's finding and order of December 14, 1995 to Towne on January 16, 1996, does not "equate with actual notice" of entry of the order that Towne belatedly moved to vacate and then appealed, citing *Thorson v. Thorson*, 541 N.W.2d 692 (N.D.1996). Without giving any effect to that notice, the majority concludes Towne's right to appeal began much later. I disagree.

[¶ 22] In my opinion, *Thorson* is not a satisfactory precedent, nor stare decisis. I adhere to my special concurrence in *Thorson* and adapt and adopt here the most pertinent of my reasons given there:

> "Except as otherwise provided in these rules, every order required by its terms to be served, . . . and similar paper shall be served upon each of the parties." NDRCivP 5(a). "Whenever under these rules service is required or permitted to be made upon a party represented by an attorney, the service must be made upon the attorney unless service upon the party is ordered by the court." NDRCivP 5(b). "Service upon the attorney [or upon a party] must be made by . . . mailing a copy to the attorney [or party] at the attorney's [or party's] last known address . . . ." *Id.* "Service by mail is complete upon mailing." *Id.* "Proof of service under this rule may be made as provided in Rule 4 or by certificate of an attorney showing that the attorney has made service pursuant to subdivision (b)." NDRCivP 5(f). "An affidavit of mailing required by this rule must state that a copy of the . . . order of court, or other paper to be served was deposited by the affiant, with postage prepaid, in the United States mail and directed to the party shown in the affidavit to be served at the party's last reasonably ascertainable post office address, showing the date and place of depositing . . . ." NDRCivP 4(k). The affidavit[ ] of service by mailing in this case literally compl[ies] with the rules and prove[s] service of notice.
>
> Service is notice, and notice is knowledge. It is presumed that "a letter duly directed and mailed was received in the regular

---

1. This is essentially a pre-child-support-guidelines case. Effective January 1995, amendments to N.D. Admin. Code §§ 75–02–04.1–01 and 75– 02–04.1–02 relate to "children's benefits." This opinion neither applies nor construes those provisions.

course of the mail," though it "may be contradicted by other evidence." NDCC 31–11–03(24). When the law prescribes mail notice as a method of giving information, the receipt of a letter containing the information is conclusive proof of knowledge. *Mund v. Rambough*, 432 N.W.2d 50, 54 (N.D.1988) (quoting *Brown v. Otesa*, 80 N.W.2d 92, 99 (N.D.1956)). Here, . . . [Towne] does not contest that [he] received the order[ ] in the mail. *See State v. Tininenko*, 371 N.W.2d 762 (N.D.1985). . . . In my opinion, the judge's secretary's affidavit of service by mail proves effective notice under the rules as much as one by a lawyer's secretary.

Moreover, the majority's decision that the affidavit of mailing was not "actual notice," because the notice was not "served by the prevailing party upon the adverse party" under NDRCivP 77(d), ignores the Code definition of "actual notice": "Actual notice shall consist in express information of a fact." NDCC 1–01–23. Here, the record shows that [Towne] had "express information" that the order[ ] had been entered by the trial court, and [he] therefore had "actual notice."

.   .   .   .   .

In any event, form should not control function. It really should not matter where the notice comes from, as long as the record clearly shows the notice was given. *See* NDCC 1–01–12 ("Where a form is prescribed, deviations therefrom not affecting the substance or calculated to mislead does not vitiate the form used."). To make a formalistic distinction that it is okay for the court to give the notice if the prevailing attorney asks it to do so, as in *Lizakowski v. Lizakowski*, 307 N.W.2d 567 (N.D.1981), but not if the court does it on its own initiative, as here, has nothing to do with the fact that the [appellant] received notice. Here, the record shows, through a secretary's affidavit, that copies of the order[ ] were mailed to [Towne], and the statutory presumption says [he] received [it]. That is all our rules require. I believe it is enough here.

541 N.W.2d at 697–98. I respectfully dissent because I would dismiss the appeal as untimely.

[¶ 23] NEUMANN, J., concurs.