2002 ND 196

Robert A. LARSON, Plaintiff and Appellant,

v.

Patricia A. LARSON, Defendant and Appellee.

No. 20020129.

Supreme Court of North Dakota.

Dec. 10, 2002.

Henry H. Howe, Howe & Seaworth, Grand Forks, ND, for plaintiff and appellant.

Douglas A. Christensen, Pearson Christensen, Grand Forks, ND, for defendant and appellee.

NEUMANN, Justice.

[¶ 1] Robert A. Larson appealed from an order denying his motion to reconsider an earlier post-trial order denying his motion for a new trial and for relief from judgment, and his motion to amend findings of fact and conclusions of law. We conclude the trial court did not abuse its discretion in denying Larson's motion to reconsider, and we award Patricia A. Larson her attorney fees for this appeal under N.D.R.App.P. 38. We affirm the order and remand to the trial court for a determination of Patricia's reasonable attorney fees for this appeal.

I

[¶ 2] In October 1999, Robert sued Patricia for divorce after a nearly 20–year marriage. On the morning of the scheduled trial, the court met in chambers with the parties' attorneys and encouraged settlement of the marital property division. The attorneys and their clients engaged in settlement discussions throughout the morning, and a settlement was eventually placed on the record. A judgment based on the settlement was entered, and on February 5, 2001, Patricia's counsel served by mail the notice of entry of judgment on Robert's counsel.

[¶ 3] On February 23, 2001, Robert, through a new attorney, served by mail a motion for new trial and for relief from judgment under N.D.R.Civ.P. 59 and 60, and for amended findings of fact and conclusions of law. This motion, which was filed on February 26, 2001, was based on Robert's alleged "accidental over-medication which prevented him from participating in the settlement of his case on the day of trial." The trial court held a hearing on the motion on October 31, 2001, and on December 5, 2001, issued an order denying the motion. The court ruled Robert had failed to establish "extraordinary circumstances required for relief" under N.D.R.Civ.P. 59 and 60, and "because Robert has accepted material benefits under the cont[r]act, he is now precluded from having the Stipulation rescinded." On December 18, 2001, Robert's counsel served by mail notice of entry of this order on Patricia's counsel.

[¶ 4] On February 19, 2002, Robert, through another new attorney, served by fax a motion to reconsider the trial court's December 5, 2001 order on Patricia's counsel. The record shows this motion to reconsider was not filed with the court until February 20, 2002. Robert argued his "inadvertent overdose" of medication made it impossible for him "to fully and knowingly participate in the negotiation process for the stipulation," and the settlement agreement was unconscionable because the "off the record" pretrial chambers conference prejudiced him. Following a hearing, the trial court issued an order denying the motion for reconsideration on March 22, 2002. The court reasoned, "no new arguments were presented by the plaintiff or his counsel either during argument, in affidavit form, or in the plaintiff's brief," and "all of the issues or matters raised by plaintiff's counsel during this oral argument were known to the Court when the Court issued its order dated December 5, 2001." Patricia's counsel served by mail the notice of this order on Robert's counsel on March 25, 2002. On May 21, 2002, Robert served and filed his notice of appeal from the trial court's March 22, 2002 order denying his motion for reconsideration.

II

[¶ 5] On appeal, Robert argues the trial court erred in failing to grant him

a new trial and relief from the judgment under N.D.R.Civ.P. 59 and 60, and in failing to amend the findings of fact and conclusions of law. However, Robert has appealed from the trial court's March 22, 2002 order denying his motion to reconsider, not from the trial court's December 5, 2001 order denying his motion for new trial, relief from the judgment, and motion for amended findings and conclusions. Robert's attempt to raise issues decided by the December 5, 2001 order is improper because the time for appeal from that order was not tolled by his motion for reconsideration and, consequently, an appeal from the December 5 order is untimely.

[¶ 6] Under N.D.R.App.P. 4(a), a notice of appeal must be filed "within 60 days of service of notice of entry of the judgment or order appealed from." However, the time for filing a notice of appeal may be tolled under certain circumstances:

The running of the time for filing a notice of appeal is terminated as to all parties by a timely motion filed in the trial court by any party under the North Dakota Rules of Civil Procedure hereafter enumerated in this sentence, and the full time for appeal fixed by this subdivision commences to run and is to be computed from service of notice of the entry of any of the following orders made upon a timely motion under such rules: (1) granting or denying a motion for judgment under N.D.R.Civ.P. 50(b); (2) granting or denying a motion under N.D.R.Civ.P. 52(b), to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; (3) granting or denying a motion under N.D.R.Civ.P. 54, for attorneys' fees; (4) granting or denying a motion under N.D.R.Civ.P. 59, to alter or amend the judgment; (5) denying a motion for a new trial under N.D.R.Civ.P. 59; or (6) granting or denying a motion for relief under N.D.R.Civ.P. 60, if the motion is served and filed no later than 15 days after notice of entry of judgment.

*Id.*

[¶ 7] This Court has ruled a timely motion for reconsideration of a judgment should be treated as a motion to alter or amend the judgment under N.D.R.Civ.P. 59 for purposes of tolling the time period for filing a notice of appeal. *See Continental Cas. Co. v. Kinsey*, 499 N.W.2d 574, 582 (N.D.1993). An untimely motion does not toll the running of the time for filing a notice of appeal under N.D.R.App.P. 4(a). *See Schaan v. Magic City Beverage Co.*, 2000 ND 71, ¶ 10, 609 N.W.2d 82. A motion to alter or amend a judgment is timely under N.D.R.Civ.P. 59(j) only if it is "served and filed no later than 15 days after notice of entry of the judgment."

[¶ 8] On December 18, 2001, Robert's counsel served by mail notice of entry of the trial court's December 5, 2001 order. Robert's motion for reconsideration was not served upon Patricia's counsel until February 19, 2002, and it was not filed with the court until February 20, 2002, far beyond the 15–day time period required to toll the 60–day time period for filing the notice of appeal.[1] Robert served and filed his notice of appeal on May 21, 2002, again far beyond the 60–day limit to appeal from the December 5, 2001 order.

---

1. Robert has moved in this Court to supplement the record with a letter from the Traill County Clerk of Court stating Robert's motion for reconsideration was actually filed on February 19, 2002, rather than on February 20, 2002. Because whether the motion for reconsideration was filed on February 19 or 20 is irrelevant under the circumstances, we need not rule on the motion to supplement the record.

■ [¶ 9] There is a more fundamental reason an appeal from the December 5, 2001 order is untimely. Federal courts construing Fed.R.App.P. 4(a) have consistently held that a motion to reconsider an order disposing of a post-trial motion of the kind enumerated in Rule 4(a) does not further toll the appeal period. *See, e.g., Johnson v. Teamsters Local 559*, 102 F.3d 21, 29–30 (1st Cir.1996); *Acevedo–Villalobos v. Hernandez*, 22 F.3d 384, 390 (1st Cir.1994); *Bane v. Netlink, Inc.*, 925 F.2d 637, 639 n. 1 (3rd Cir.1991); *Moody v. Pepsi–Cola Metro. Bottling Co., Inc.*, 915 F.2d 201, 206 (6th Cir.1990); *Charles v. Daley*, 799 F.2d 343, 347 (7th Cir.1986); *American Sec. Bank, N.A. v. John Y. Harrison Realty, Inc.*, 670 F.2d 317, 320 (D.C.Cir.1982); *Wansor v. George Hantscho Co., Inc.*, 570 F.2d 1202, 1206 (5th Cir.1978). *See also* 16A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure: Jurisdiction 3d* § 3950.4 (1999); Annot., *Tolling of time for filing notice of appeal in civil action in federal court under Rule 4(a)(4) of Federal Rules of Appellate Procedure*, 74 A.L.R. Fed. 516 § 5 (1985). Federal courts recognize an exception to the general rule if a grant of the earlier post-trial motion effectively results in a new judgment and the motion to reconsider is filed by the adversely affected party requesting reinstatement of the original judgment. *See Johnson*, 102 F.3d at 29–30; *Moody*, 915 F.2d at 206. However, that situation is not present in this case.

■ [¶ 10] Robert argues Fed. R.App.P. 4(a) contains some language that differs from N.D.R.App.P. 4(a), so we should not interpret our state rule like the federal courts interpret the federal rule. We see nothing in the language of the federal rule that would preclude application of the tolling limitations in North Dakota. The reason for the general rule

against successive post-trial motions tolling the appeal period is straightforward: "The time limit would be a joke if parties could continually file new motions, preventing the judgment from becoming final." *Daley*, 799 F.2d at 347. "Allowing subsequent motions to repeatedly toll the filing period for a notice of appeal would encourage frivolous motions and undermine a fundamental canon of our legal system, to promote the finality of judgments." *Glinka v. Maytag Corp.*, 90 F.3d 72, 74 (2d Cir.1996). Several state courts have also applied the general rule that a motion to reconsider an order disposing of a time-tolling post-trial motion does not extend the time to file a notice of appeal. *See, e.g., Henderson v. Koveleski*, 717 So.2d 803, 806 (Ala.Civ.App.1998); *Dunlap v. Cassia Mem'l Hosp.*, 134 Idaho 233, 999 P.2d 888, 891 (2000); *Calloway v. State*, 500 N.E.2d 1196, 1198 (Ind.1986). *See also* 5 Am.Jur.2d *Appellate Review* § 310 (1995). We follow this rule, and conclude Robert's motion for reconsideration could not toll the time for taking an appeal from the trial court's December 5, 2001 order. Consequently, the merits of the trial court's denial of the motion for new trial, relief from the judgment, and motion for amended findings and conclusions are not before us in this appeal. *See Aybar v. Crispin–Reyes*, 118 F.3d 10, 14–15 (1st Cir.1997); *Dunlap*, 999 P.2d at 892.

■ [¶ 11] Robert did timely file a notice of appeal from the trial court's March 22, 2002 order denying his motion for reconsideration. A trial court's denial of a motion for reconsideration will not be reversed on appeal absent a manifest abuse of discretion. *Austin v. Towne*, 1997 ND 59, ¶ 8, 560 N.W.2d 895. A trial court abuses its discretion only when it acts in an arbitrary, unreasonable, or unconscionable manner, or when its decision is not the product of a rational mental

process leading to a reasoned determination. *Geinert v. Geinert,* 2002 ND 135, ¶ 18, 649 N.W.2d 237.

[¶ 12] Robert presented no new evidence or arguments to the court on the motion to reconsider, and the trial court said all the issues and circumstances raised "were known to the Court when the Court issued" its December 5, 2001 order. We conclude the trial court did not abuse its discretion in denying Robert's motion for reconsideration.

### III

[¶ 13] Patricia requests attorney fees for this appeal under N.D.R.App.P. 38, which allows an award of attorney fees if the appeal is frivolous. An appeal is frivolous if it is flagrantly groundless, devoid of merit, or demonstrates persistence in the course of litigation which could be seen as evidence of bad faith. *Matter of Estate of Opatz,* 554 N.W.2d 813, 817 (N.D.1996). Considering that Robert presented absolutely nothing new for the trial court to consider in support of his motion for reconsideration, we conclude his appeal is flagrantly groundless and Patricia is entitled to her attorney fees for the appeal. Because Patricia has not documented her attorney fees, we remand to the trial court for a determination of reasonable attorney fees for this appeal. *See Jorgenson v. Ratajczak,* 1999 ND 65, ¶ 26, 592 N.W.2d 527.

### IV

[¶ 14] We affirm the order and remand for a determination of Patricia's reasonable attorney fees for this appeal.

[¶ 15] GERALD W. VANDE WALLE, C.J., EVERETT NELS OLSON, DONALD L. JORGENSEN, D.J., and DALE V. SANDSTROM, JJ., concur.

[¶ 16] The Honorable DONALD L. JORGENSEN, D.J., and the Honorable EVERETT NELS OLSON, D.J., sitting in place of KAPSNER, J., and MARING, J., disqualified.