Filed 5/14/13 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2013 ND 70

Edward D. Waslaski, Jr., Petitioner and Appellant

v.

State of North Dakota, Respondent and Appellee

No. 20120342

Appeal from the District Court of Stark County, Southwest Judicial District, the Honorable H. Patrick Weir, Judge.

AFFIRMED.

Opinion of the Court by Kapsner, Justice.

Jay R. Greenwood, North Dakota Public Defenders’ Office, 135 Sims, Suite 221, Dickinson, ND 58601, for petitioner and appellant.

James A. Hope, Assistant State’s Attorney, P.O. Box 130, Dickinson, ND 58602-0130, for respondent and appellee; submitted on brief.

Waslaski v. State

No. 20120342

Kapsner, Justice.

[¶1] Edward Waslaski, Jr., appeals from a district court order denying his motion for reconsideration of the district court’s denial of his post-conviction relief application.  We conclude the district court did not abuse its discretion in denying Waslaski’s motion.  We affirm.

I

[¶2] In 2000, Waslaski was convicted of aggravated assault under a negotiated guilty plea.  In 2011, Waslaski applied for post-conviction relief alleging that prior to entering his guilty plea, he was not properly informed of his rights to counsel, jury trial, confrontation, maximum and minimum jail terms, and the right to appeal.  Waslaski sought a transcript of the plea and sentencing hearing, but the record no longer exists.  Waslaski filed an affidavit documenting his recollection of the hearing and urged the district court to accept the affidavit in lieu of a verbatim record because the presiding district court judge is unavailable, Waslaski’s then-defense attorney is deceased, and the State’s Attorney cannot recall the specifics of the hearing.

[¶3] In a May 29, 2012, memorandum opinion, the district court denied Waslaski’s petition because he failed to carry his burden.  The court noted the lapse of time in bringing his petition, the unavailability of Waslaski’s original attorney and presiding judge, and Waslaski’s inability to fully recall the sentencing hearing all created substantial questions of credibility and accuracy.  On May 30, 2012, Waslaski appealed the petition denial, but he later voluntarily withdrew the appeal on June 20, 2012.  This Court then dismissed the appeal.  On July 9, 2012, Waslaski filed a “motion for reconsideration” asserting he had “new evidence.”  In support of his motion, he submitted affidavits from two witnesses, his wife and brother-in-law, who were present at the sentencing hearing, supporting Waslaski’s contention he was not properly informed of his rights.  The State moved to amend the pleadings to raise the affirmative defense of laches.  The district court denied the motions.

[¶4] On September 7, 2012, Waslaski filed a notice of appeal from the memorandum opinion denying his petition and the order denying the motions for reconsideration and to amend.  On September 27, 2012, this Court: (1) ordered Waslaski’s appeal from the memorandum opinion not appealable; (2) ordered Waslaski’s appeal from the order denying the motions for reconsideration and to amend may proceed; and (3) directed counsel to include briefing on whether the order denying Waslaski’s motion for reconsideration was appealable and whether his motion was timely.  The State’s brief addressed timeliness and appealability, but Waslaski’s brief did not.

II

[¶5] Waslaski appealed the original order denying post-conviction relief.  In an apparent attempt to get more information before the trial judge, Waslaski dismissed the appeal rather than seeking a remand from this Court.  Under N.D.R.App.P. 35(a)(3):

If an issue or issues have not been tried or, if tried, not determined, the court may remand the case to the district court for a determination of the issue or issues, without relinquishing jurisdiction of the appeal.  The court may defer determination of the appeal until the issue or issues have been determined and certified to the court by the district court.  The proceedings and the determination of the district court, upon remand, are deemed to be part of the record on appeal.

The proper procedures to get additional evidence before the trial court without relinquishing rights to appeal the underlying relief were not followed in this matter.  After the appeal was dismissed, Waslaski brought a motion for reconsideration.

[¶6] Waslaski argues the district court abused its discretion in denying his motion for reconsideration.  The State argues the order denying Waslaski’s motion is unappealable, the  motion was untimely, and alternatively, the district court did not abuse its discretion in denying Waslaski’s motion.

[¶7] A motion for reconsideration is not a formally recognized motion and is not one of the enumerated appealable orders listed in N.D.C.C. § 28-27-02.  
White v. Altru Health System
, 2008 ND 48, ¶ 7, 746 N.W.2d 173.  However, “this Court has treated motions for reconsideration as either motions to alter or amend a judgment under N.D.R.Civ.P. 59(j), or motions for relief from a judgment or order under N.D.R.Civ.P. 60(b).”  
Hammeren v. Hammeren
, 2012 ND 225, ¶ 28, 823 N.W.2d 482.  In 
Mann v. N.D. Tax Comm’r
, this Court said, “[a]n order denying a motion for reconsideration is appealable if it is ‘clearly intended to be final.’”  2005 ND 36, ¶ 10, 692 N.W.2d 490 (quoting 
Austin v. Towne
, 1997 ND 59, ¶ 7, 560 N.W.2d 895).  The order denying Waslaski’s motion stated, “IT IS HEREBY ORDERED that both Motions are Denied and the Court’s [May 29, 2012] Memorandum Opinion and Order previously filed herein shall remain in full force and effect.”  Because the order adjudicated all remaining issues and was clearly intended to be final, we conclude the order is appealable.  However, we must make a distinction.  Under N.D.R.App.P. 4(a)(3), certain motions in the district court, if timely made, will have an effect on the time to appeal the underlying order or judgment to which the motion is addressed.  A motion to alter or amend the judgment under Rule 59 is such a motion.  A motion under Rule 60 is also included if the motion is served and filed no later than 28 days after the notice of entry of judgment.  We address these types of motions separately.

[¶8] Neither Waslaski’s motion nor his brief indicate what rule he brought his motion under, but his attorney stated at oral argument it was a Rule 59(j) motion.  A Rule 59(j) motion must be filed and served no later than 28 days after the notice of entry of judgment.  N.D.R.Civ.P. 59(j).  Here, no entry of judgment appears in the record, but Waslaski had actual knowledge of the order as his now-dismissed notice of appeal was signed and dated May 30, 2012.  
See
 
Austin
, 1997 ND 59, ¶ 11, 560 N.W.2d 895 (time limit for filing Rule 59(j) motion will also commence when defendant has actual knowledge of entry of an order).  Because Waslaski had actual knowledge on May 30, 2012, Waslaski had until June 27, 2012, to file and serve a Rule 59(j) motion.  Waslaski filed his motion on July 9, 2012.  Under N.D.R.Civ.P. 6(b)(2), “[a] court cannot extend the time to act under Rules 4(e)(7), 52(b), 59(c), (i) and (j), and 60(b).”  Although the district court did not articulate its rationale for denial, we presume to the extent that Waslaski intended his motion to be considered under N.D.R.Civ.P. 59(j), it was denied as untimely.  Further, the motion provides no basis to consider the underlying order on appeal under N.D.R.App.P. 4(a)(3)(A)(iv), because it was an untimely motion in the district court.

[¶9] Although trial counsel stated Waslaski’s “motion for reconsideration” was a Rule 59(j) motion, the district court order did not articulate whether the court considered it under Rule 59(j) or 60(b).  A Rule 60(b)(2) motion asserting newly discovered evidence must be made “no more than a year after notice of entry of the judgment or order . . . .”  N.D.R.Civ.P. 60(c)(1).  Waslaski’s motion was timely under Rule 60(b), but only for purposes of consideration by the trial court.  Waslaski’s motion was untimely for purposes of directly considering the underlying order on appeal.  It was not brought within 28 days of Waslaski’s actual notice on May 30, 2012.  
See
 
Austin
, 1997 ND 59, ¶ 11, 560 N.W.2d 895; N.D.R.App.P. 4(a)(3)(A)(vi).

[¶10] A district court’s “denial of a motion for reconsideration will not be reversed on appeal absent a manifest abuse of discretion.”  
Larson v. Larson
, 2002 ND 196, ¶ 11, 653 N.W.2d 869 (citation omitted).  “A trial court abuses its discretion only when it acts in an arbitrary, unreasonable, or unconscionable manner, or when its decision is not the product of a rational mental process leading to a reasoned determination.”  
Id.
 (citation omitted).

[¶11] The evidence Waslaski seeks to introduce is not newly discovered evidence.  Waslaski’s “new evidence” consists of affidavits from his wife and brother-in-law, both of whom were at the plea and sentencing hearing.  In a January 2012 pro se filing, Waslaski stated:  “[T]he petitioner can if the court so desires call upon his spouse Michelle Waslawski [sic] who was [at the hearing] to attest to the events and facts of the day in question . . . .”  Similar to 
Larson
, this information or “new evidence” was previously known to Waslaski, and it does not entitle Waslaski to relief under Rule 60(b).  
See
 
Larson
, 2002 ND 196, ¶ 12, 653 N.W.2d 869.  The court did not abuse its discretion.

III

[¶12] We affirm.

[¶13] Carol Ronning Kapsner

Mary Muehlen Maring

Daniel J. Crothers

Dale V. Sandstrom

Gerald W. VandeWalle, C.J.