# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2020 ND 218

Jacqueline Marie Hoffarth,                                 Plaintiff and Appellee

     v.

Jeremy Glen Hoffarth,                                 Defendant and Appellant

No. 20200129

Appeal from the District Court of Grand Forks County, Northeast Central Judicial District, the Honorable M. Jason McCarthy, Judge.

AFFIRMED.

Opinion of the Court by McEvers, Justice.

Justine S. Hesselbart (argued) and Patti J. Jensen (on brief), East Grand Forks, MN, for plaintiff and appellee.

Timothy C. Lamb, Grand Forks, ND, for defendant and appellant.

**McEvers, Justice.**

[¶1]   Jeremy Hoffarth appeals from an order denying his motion for relief from a divorce judgment and his subsequent motion to reconsider.  We conclude the appeal from his motion for relief from the judgment is untimely.  We affirm the order denying his motion to reconsider holding the district court did not abuse its discretion.

I

[¶2]   This appeal arises from a divorce between Jacqueline Hoffarth and Jeremy Hoffarth.  Jacqueline Hoffarth filed for a restraining order against Jeremy Hoffarth.  At the hearing for that case, the parties, each represented by counsel, advised the court they had reached a divorce settlement agreement.  Jacqueline Hoffarth's counsel presented the divorce agreement's terms to the court.  After the court heard the terms, it gave each side an opportunity to ask questions or raise objections.  Neither did, and the court adopted the parties' stipulation. A divorce summons, complaint, and admission of service were filed on the same day.

[¶3]   Judgment was entered two weeks later on December 28, 2018.  The judgment recited the parties' agreement as presented in court.  On December 20, 2019, Jeremy Hoffarth, represented by different counsel, moved for relief from the judgment under N.D.R.Civ.P. 60(b).  He argued he was "obviously not represented in a professional or ethical manner" because there was no discovery conducted to determine the value of the parties' marital home.  Because there was no discovery conducted and no N.D.R.Ct. 8.3 property and debt listing was filed with the court, he asserted: "there was mistake, inadvertence, surprise and misrepresentation present in this matter, as well as 'extraordinary circumstances' under Rule 60(b)(6), N.D.R.Civ.P., to trigger grounds for granting relief."

[¶4]   The district court denied Jeremy Hoffarth's motion finding it was unsupported by the evidence.  The court also found the motion was frivolous

and awarded Jacqueline Hoffarth attorney fees. Jeremy Hoffarth then filed a "Motion for Reconsideration." He argued there was a mistake because the judgment did not determine who would receive tax credits for the children, and it left certain disputes concerning personal property unresolved. He also filed newspaper articles that detailed ethical complaints against Jacqueline Hoffarth in her capacity as a social work professor. He claimed this information, which was not before the court during the divorce proceedings, called into question Jacqueline Hoffarth's credibility and therefore constituted a surprise under Rule 60. On April 7, 2020, the court again denied his motion and awarded Jacqueline Hoffarth attorney fees. Jeremy Hoffarth filed his notice of appeal on April 28, 2020.

## II

[¶5] "Before we consider the merits of an appeal, we must have jurisdiction." *Kautzman v. Doll*, 2018 ND 23, ¶ 6, 905 N.W.2d 744. Among other requirements, our jurisdiction is provided by the timely filing of a notice of appeal under N.D.R.App.P. 4(a)(1). *Id.* Rule 4(a)(1) requires a notice of appeal to be filed "within 60 days from service of notice of entry of the judgment or order being appealed." Under Rule 4(a)(3)(A), certain post-judgment motions toll the time for an appeal. However, in *Larson v. Larson*, 2002 ND 196, ¶ 10, 653 N.W.2d 869, we held a motion to reconsider an order disposing of a time-tolling post-trial motion does not continue tolling the time to file a notice of appeal. We explained that "[a]llowing subsequent motions to repeatedly toll the filing period for a notice of appeal would encourage frivolous motions and undermine a fundamental canon of our legal system, to promote the finality of judgments." *Id.* (quoting *Glinka v. Maytag Corp.*, 90 F.3d 72, 74 (2d Cir. 1996)).

[¶6] Jeremey Hoffarth was served with notice of the order denying his Rule 60(b) motion for relief from the judgment on February 3, 2020. He filed his notice of appeal more than sixty days later on April 28, 2020. His motion for reconsideration did not continue to toll the time to appeal the Rule 60(b) order. *See Larson*, 2002 ND 196, ¶ 10. Thus, his appeal of the February 2020 Rule 60(b) order is untimely and we are without jurisdiction to decide it. However, we have jurisdiction to consider the court's order denying his subsequent

motion because it is a final order and his notice of appeal was filed within the sixty-day period.

III

[¶7]   North Dakota does not formally recognize motions to reconsider. *White v. Altru Health System*, 2008 ND 48, ¶ 7, 746 N.W.2d 173. "We treat motions for reconsideration as either motions to alter or amend a judgment under N.D.R.Civ.P. 59(j), or as motions for relief from a judgment or order under N.D.R.Civ.P. 60(b)." *Greywind v. State*, 2015 ND 231, ¶ 11, 869 N.W.2d 746; *see also Kautzman*, 2018 ND 23, ¶ 9. We will not reverse a trial court's denial of a motion to reconsider unless there is a "manifest abuse of discretion." *Larson*, 2002 ND 196, ¶ 11; *see also Austin v. Towne*, 1997 ND 59, ¶ 8, 560 N.W.2d 895. "A court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, when it misinterprets or misapplies the law, or when its decision is not the product of a rational mental process leading to a reasoned determination." *Rebel v. Rebel*, 2013 ND 164, ¶ 13, 837 N.W.2d 351.

[¶8] Jeremy Hoffarth's motion to reconsider requested relief under N.D.R.Civ.P. 60(b). He sought relief from the judgment arguing there was a mistake because the judgment did not allocate future child tax credits or resolve certain personal property disputes. He argued there was surprise because the district court was not made aware of the newspaper articles concerning Jacqueline Hoffarth, which he claimed impeached her credibility. He also requested the court "reconsider" its rejection of his arguments concerning a lack of Rule 8.3 property and debt listings.

[¶9]   The district court treated the motion for reconsideration as being made under Rule 60(b), and given Jeremy Hoffarth's citation to that rule and the arguments he made, this Court does as well. Jeremy Hoffarth cited to N.D.R.Civ.P. 60(b)(1), (3), and (6) when seeking relief. Rule 60(b)(1) allows the court to grant relief from a judgment when there has been a mistake or a surprise. Rule 60(b)(3) allows the court to grant relief for fraud, misrepresentation, or misconduct by an opposing party. Motions for relief from

3

a judgment based on Rule 60(b)(1) or (3) must be made "no more than a year after notice of entry of the judgment or order . . . ." N.D.R.Civ.P. 60(c)(1). In this case, as the court correctly noted, Jeremy Hoffarth's request for relief from the judgment under N.D.R.Civ.P. 60(b)(1) and (3) was untimely because it was made more than a year after he was served with notice of the judgment. It is not an abuse of discretion to deny an untimely motion. *See Austin*, 1997 ND 59, ¶ 9. We conclude the court did not abuse its discretion when it declined to grant Jeremy Hoffarth relief from the judgment under N.D.R.Civ.P. 60(b)(1) and (3).

[¶10] To the extent Jeremy Hoffarth's motion for reconsideration can be read as requesting relief from the denial of his motion under Rule 60(b)(6), even assuming it was timely filed, we conclude he has not raised a ground for relief. Rule 60(b)(6), N.D.R.Civ.P., is a "catch-all" provision that allows the district court to grant relief for "any other reason that justifies relief," but it should only be invoked when "extraordinary circumstances are present." *Hildebrand v. Stolz*, 2016 ND 225, ¶ 16, 888 N.W.2d 197 (internal citations omitted). The rule is limited by many considerations, and it is not to be used where subdivisions (1) to (5) may be used. *Id.* (citing *City of Wahpeton v. Drake-Henne, Inc.*, 228 N.W.2d 324, 330 (N.D. 1975)). Rule 60(b)(6) can be used where the grounds for vacating a judgment are within subdivisions (1) to (5), but something more or extraordinary must be present which justifies relief. *Id.* Jeremy Hoffarth requested the court reconsider its rejection of his arguments concerning the lack of Rule 8.3 property and debt listings. Yet the only new evidence he presented to the court was newspaper articles that purportedly impeached Jacqueline Hoffarth's credibility. Her credibility has no bearing on whether a particular rule of court was complied with. The court found Jeremy Hoffarth failed to meet his burden for relief and deemed his motion frivolous. While the court did not specifically address Rule 60(b)(6), its findings implicitly show it concluded he did not meet his burden of showing extraordinary circumstances. We conclude the court did not abuse its discretion when it declined to grant Jeremy Hoffarth relief from its Rule 60(b) order.

[¶11] Jeremy Hoffarth also asserts, without support and in a conclusory fashion, that the district court abused its discretion when it awarded

4

Jacqueline Hoffarth attorney fees.  A court may award attorney fees and costs to remedy the abuse caused by successive frivolous post-judgment motions under N.D.R.Civ.P. 11 and N.D.C.C. §§ 14-05-23 or 28-26-01(2).  *See Leverson v. Leverson*, 2011 ND 158, ¶ 15, 801 N.W.2d 740.  Jeremy Hoffarth has provided no rationale or support for his assertion that the award of attorney fees in this case was improper.  "We will not consider issues not adequately briefed, argued, or supported on appeal."  *State v. Bates*, 2007 ND 15, ¶ 5, 726 N.W.2d 595; *see also Thomas v. Thomas*, 2019 ND 299, ¶ 7, 936 N.W.2d 109.

IV

[¶12] We affirm the district court order denying Jeremy Hoffarth's motion for reconsideration.

[¶13]   Lisa Fair McEvers
        Gerald W. VandeWalle
        Jerod E. Tufte
        Daniel J. Crothers
        Jon J. Jensen, C.J.