1998 ND App 11

**Sharon M. CLINE, Plaintiff and Appellee,**

v.

**David D. CLINE, Defendant and Appellant.**

**Civil No. 980047CA.**

Court of Appeals of North Dakota.

Oct. 20, 1998.

Shirley L. Jahnke (argued), Grand Forks, for plaintiff and appellee.

Constance L. Triplett (argued), of Triplett Law Office, Grand Forks, for defendant and appellant.

PER CURIAM.

[¶ 1] David D. Cline appealed from an order denying his motion to alter or amend a divorce judgment and his request for an interim order changing custody. We hold the trial court did not abuse its discretion in denying David's post-trial motions, and we affirm the order.

[¶ 2] David and Sharon Cline were married in January 1988. Two children were born during their marriage, Alyssa Louise, born on September 2, 1988, and Nichole, born on March 16, 1993. Sharon and David separated in September 1996, while David was on active military duty with the United States Air Force at the Grand Forks Air Force Base. David also worked with Base Housing Maintenance. Sharon was a dental assistant and also managed the apartment building where she lived after they separated. Sharon had physical custody of Nichole, and David had physical custody of Alyssa. After commencing divorce proceedings in December 1996, the parties agreed to continue split custody of the children pending trial.

[¶ 3] After trial, the court awarded Sharon primary physical custody of the children. The court granted David reasonable and liberal visitation rights and ordered him to pay child support. The court also divided the parties' marital property. Judgment was entered on August 29, 1997.

[¶ 4] In September 1997, David moved to alter or amend the judgment under N.D.R.Civ.P. 59(j). In October 1997, David applied for an interim order for temporary custody of the children, alleging Sharon had attempted suicide on September 25, 1997, and was suffering from "major depression severe, with suicidal thoughts."

[¶ 5] After an evidentiary hearing, the court denied David's motion to alter or amend the custody award and the property division and his request for an interim order changing custody. David appealed from the order denying his post-trial motions.

[¶ 6] David argues the trial court's custody award and property division are not supported by the evidence and are clearly erroneous.

[¶ 7] A trial court's decisions on child custody and property division are treated as findings of fact, which are not reversed on appeal unless clearly erroneous. *Jarvis v. Jarvis*, 1998 ND 163, ¶ 7, 584 N.W.2d 84. That standard of review does not apply to this case, however, because David did not appeal from the judgment, but only from the order denying his post-trial motions to alter or amend the judgment and for an interim order for temporary custody. A decision on a motion to alter or amend a judgment under N.D.R.Civ.P. 59(j) rests in the discretion of the trial court and will not be reversed on appeal unless there is a manifest abuse of discretion. *Austin v. Towne*, 1997 ND 59, ¶ 7, 560 N.W.2d 895; *Schatke v. Schatke*, 520

N.W.2d 833, 835 (N.D.1994); *Heller v. Heller,* 367 N.W.2d 179, 183 (N.D.1985). *See Jarvis,* 1998 ND 163, ¶¶ 7–8, 584 N.W.2d 84 (stating appeal from denial of post-trial motion reviewed under abuse-of-discretion standard). A trial court abuses its discretion when it acts arbitrarily, unconscionably, unreasonably, or when it misinterprets or misapplies the law. *Jarvis,* at ¶ 8. In *Matter of Conservatorship of Kinney,* 495 N.W.2d 69, 71 (N.D.1993) the North Dakota Supreme Court explained a trial court acts in an arbitrary, unconscionable, or unreasonable manner when the exercise of discretion is not the product of a rational mental process by which the facts of record and law relied upon are stated and are considered together for the purpose of achieving a reasoned and reasonable determination.

[¶ 8] In denying David's motion to alter or amend the property division, the trial court rejected his request to assign more debt to Sharon, explaining David's earning capacity was much greater than Sharon's and the division of debt was appropriate. The court's denial of David's motion to alter or amend the custody award and his request for an interim order changing custody explained:

> The testimony of [Sharon's] treatment providers indicates that there was no suicide attempt. Moreover, [Sharon's] reaction to [David's] further legal proceedings caused distress and she is fearful of [David's] controlling conduct and inability to work cooperatively with her in caring for the children.
>
> Dr. Knowlton testified that it was too early to determine whether the children were adjusting to the divorce and ordered custody arrangements. With the additional court proceedings, it is apparent that [David] is not willing to move forward with the task of adjustment to the post-divorce period. He does [sic] support [Sharon's] parenting and, to the contrary, takes every opportunity to undermine it. For example, he indicates that if Alyssa says that she is not happy with her mother for some disciplinary action, and she expresses a desire to live with him, he will support her request. As long as he believes that the children do not want to live with their mother, he is only too happy to oblige them by going back to court. It is obvious that if a parent is willing to support the child's wishes by undermining the other parent's authority, it is putting the child in the middle and allowing the child to control the situation. This is not in the best interests of the children, and to the contrary, is very destructive and destabilizing. [David's] conduct can be characterized as just that—destabilizing. As the court noted initially, he lacks insight and is self-indulgent in his attitudes and actions.
>
> The supplemental record does not show any evidence of abuse of the children by [Sharon] and her mental health does not prevent her from being a good parent.

[¶ 9] The trial court's explanation for denying David's posttrial motions explicitly considered and rejected his arguments. The court's decision provides a reasoned explanation that is supported by evidence in the record. The court's decision was the product of a rational mental process and was not arbitrary, unconscionable, or unreasonable. We decline David's invitation to reweigh the evidence or reassess witness credibility, because those are functions for the trial court. *See Kluck v. Kluck,* 1997 ND 41, ¶ 14, 561 N.W.2d 263. We conclude the court did not abuse its discretion in denying David's posttrial motions.

[¶ 10] We therefore affirm the trial court's order.

[¶ 11] WILLIAM F. HODNY, Surrogate Judge, and RALPH R. ERICKSON and GAIL HAGERTY, District Judges, concur.