2004 ND 95

**Brenda M. HILGERS, Plaintiff and Appellee**

v.

**Douglas G. HILGERS, Defendant and Appellant.**

**No. 20030252.**

Supreme Court of North Dakota.

May 5, 2004.

Douglas G. Hilgers (pro se), Duluth, MN, submitted on brief.

Brenda M. Hilgers, plaintiff and appellee; no appearance.

SANDSTROM, Justice.

[¶ 1] Douglas G. Hilgers appealed from a district court letter opinion denying his motion to set aside, amend, or reconsider earlier orders involving spousal and child

support obligations arising out of his divorce from Brenda M. Hilgers. We conclude that Douglas Hilgers has attempted to appeal from a nonappealable order but that the exercise of our supervisory authority is appropriate under the circumstances. We conclude the district court did not abuse its discretion in refusing to reconsider Douglas Hilgers' request for relief from the divorce judgment and for an award of spousal support from Brenda Hilgers. However, we conclude the district court abused its discretion in failing to address other spousal and child support issues raised by Douglas Hilgers. We dismiss the appeal and direct the district court to address the spousal and child support issues Douglas Hilgers has repeatedly raised in his motions.

I

[¶ 2] Douglas Hilgers and Brenda Hilgers were married in 1980 and had four children. Brenda Hilgers sued for divorce in Ward County District Court, and following default divorce proceedings, a divorce judgment was entered in September 1998. At the time of the divorce, only two of the children were minors. Brenda Hilgers, who lives in Bottineau, North Dakota, was awarded custody of the minor children, and Douglas Hilgers, who lives in Duluth, Minnesota, was ordered to pay $977 per month in child support. Douglas Hilgers was also ordered to pay $500 per month spousal support to Brenda Hilgers until the minor son "has reached the age of 19 or graduated from high school, whichever occurs first." In October 1998, Douglas Hilgers unsuccessfully moved for relief from the divorce judgment under N.D.R.Civ.P. 55 and 60(b), but the amount of child support was later reduced to $610 for the two children. In *Hilgers v. Hilgers,* 2002 ND 173, ¶ 29, 653 N.W.2d 79, this Court affirmed the district court's denial of Douglas Hilgers' motion for a

change of custody, but we reversed and remanded with directions that the court create a visitation schedule and explain its reasoning for setting the effective date of the child support reduction at December 1, 2000.

[¶ 3] While the appeal in *Hilgers* was pending, Douglas Hilgers continued filing motions with the district court. On August 5, 2002, he filed a motion to review and modify the spousal support order, and he supported the motion with an affidavit claiming his net monthly income was almost $1,400 less than the amount relied upon in the default divorce proceedings. After the remand in *Hilgers,* the district court, in January 2003, issued an order setting a visitation schedule and explaining the reasons for reducing child support effective December 1, 2000. The judge also recused from the case, and the case was reassigned to another judge, who, in February 2003, denied Douglas Hilgers' request to change venue to a location closer to his home.

[¶ 4] On March 3, 2003, Douglas Hilgers filed a letter with the district court, complaining about the court's refusal to grant a hearing on his motion for review and modification of the spousal support and child support orders. On March 27, 2003, Douglas Hilgers was convicted in Bottineau County District Court of removing his minor son from the state during 2001 in violation of a custody decree. On March 28, 2003, he sought an order for a temporary change of custody of his minor son, and the Ward County District Court, on April 2, 2003, granted the motion, pending a hearing. On May 8, 2003, Douglas Hilgers again filed a motion, accompanied with a brief and affidavit, requesting a review and modification of his child and spousal support obligations and termination of the spousal support award and requesting that Brenda Hilgers submit

"wage records" so her child support obligation could be determined in accordance with the Child Support Guidelines. Following a hearing, on May 13, 2003, the district court ordered the custody of the minor son be changed to Douglas Hilgers, terminated his child support obligation effective April 2, 2003, and ordered Brenda Hilgers to begin paying child support from that date "in the minimal amount of $168 a month." The court indicated in a letter accompanying the order that "[t]his amount could be elevated in the future dependent upon Ms. Hilgers' earnings." The order did not address spousal support.

[¶ 5] On June 12, 2003, Douglas Hilgers filed another motion for "Modification of the Support Orders" and "for just relief upon his previouse [sic], multiple petitions." He asked the court to issue a child support order, to terminate the spousal support he had been ordered to pay, and, upon a showing of Brenda Hilgers' financial status, to order that she pay him "custodial parent spousal support." He complained that, since custody of the child had been changed, he had received none of the child support ordered, and he sought to have Brenda Hilgers' child support obligation determined under the Child Support Guidelines. He also sought review and modification of "the perpetual withholdings of the Defendant's wages so as to permit him some access to health care and a minimal subsistence...." He also relied on "the Rules pertaining to default judgements [sic]" because Brenda Hilgers had not responded "to any of his petitions." In a one-sentence letter from the district court, dated June 17, 2003, and filed June 19, 2003, the court stated, "I have reviewed the file and any requests for spousal support by Mr. Hilgers from Ms. Hilgers is denied."

[¶ 6] On June 25, 2003, Brenda Hilgers filed a letter to the clerk of district court

"in response to the Notice of Arrears and possible Contempt of Court notice I have received." She complained, "There was no child support hearing" and "I have never received notice requiring financial income to base this order on. How was this amount determined?" She stated, "Until I am allowed a fair hearing on this issue I have no intention of paying Doug Hilgers one penny of my hard earned income" because of his refusal to comply with previous court orders. She attached to the letter a financial ledger showing that, through May 15, 2003, Douglas Hilgers had $3,140.98 in child support arrearages and $13,544.03 in spousal support arrearages.

[¶ 7] Upon learning that Brenda Hilgers was no longer a resident of Ward County, the district court, on July 2, 2003, on its own motion under N.D.C.C. § 14–09–08.1, ordered that a certified copy of the court's "child support and/or spousal support" order be filed with the clerk of the district court for Bottineau County and notified the parties "inquiries are to be directed to" the Bottineau County Clerk of Court.

[¶ 8] On July 7, 2003, Douglas Hilgers filed with the Ward County District Court a motion to set aside or amend the "Orders of the Court" under N.D.R.Civ.P. 52, 55 and 60. He sought "all relief either denied or not addressed as requested in his petitions." He again complained that he had not received any child support payments from Brenda Hilgers and that the court did not cite "any income information in its determination, as required by statute and ignores the movant's petition for orders to obtain appropriate information." He requested "reasonable withholding of the defendant's wages, to contribute toward the mounting arrears," the establishment of "just and lawful support for the minor child ... based upon the income of

the mother . . . ," termination of the spousal support he was ordered to pay, a "reasonable amount" be withheld from his wages, and an explanation as to why he was denied spousal support in the court's June 19, 2003, ruling. This motion was also accompanied by an affidavit.

[¶ 9] In a letter dated July 14, 2003, Douglas Hilgers asked the Ward County District Court whether his prior motions were being considered and whether he must await their resolution before he could address "this order for a change of venue?" He objected to the court's failure to address his "latest motions for reconsideration" and argued "venue is not convenient to all of the parties" because he lived in Duluth, "500 miles from Bottineau." On August 21, 2003, the Ward County District Court judge sent him a two-page letter explaining that the "case has not been moved to Bottineau" but "is still venued in Ward County" and that the court could not transfer the case to Minnesota. The court further stated:

> You have access to this court and you have availed yourself of that access. The pro se filings by yourself are numerous in this case. You choose that avenue rather than retaining counsel. It is your right to appear on a pro se basis. However, you are still required to follow our Rules of Civil Procedure and you are responsible for your own failures if you choose not to follow our Rules of Civil Procedure.

The court did not mention the child or spousal support issues.

[¶ 10] On September 2, 2003, Douglas Hilgers filed a notice of appeal. The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06.

## II

[¶ 11] Douglas Hilgers does not specify from what he is appealing in his notice of appeal except "rulings of the Court." However, in an accompanying "Petition For Review and Relief Of The District Courts [sic] Spousal and Child Support Orders," he states he is seeking "relief from the order denying a reconsideration of the Spousal Support orders denied in the Order of June 17, 2003."

[¶ 12] Under N.D.R.App.P. 4(a)(1), a notice of appeal must be filed "with the clerk of district court within 60 days from service of notice of entry of the judgment or order being appealed." There is no notice of service of entry of an order in the record, but actual knowledge of entry of a judgment or order commences the running of the time for appeal when actual knowledge is clearly evidenced in the record. *Redfield v. Bitterman*, 2000 ND 217, ¶ 7, 620 N.W.2d 570; *Domres v. Domres*, 1998 ND 217, ¶ 9, 587 N.W.2d 146. In his petition for modification of the support orders filed June 12, 2003, and dated June 6, 2003, Douglas Hilgers specifically refers to the amount of child support the district court ordered Brenda Hilgers to pay in the May 13, 2003, order. This clearly evidences Douglas Hilgers' actual knowledge of the May 13, 2003, order on June 6, 2003, more than 60 days before he filed the September 2, 2003, notice of appeal. *See Domres*, at ¶ 8.

[¶ 13] A timely motion for reconsideration of a judgment is treated as a motion to alter and amend the judgment under N.D.R.Civ.P. 59 for purposes of tolling the time period for filing a notice of appeal. *Larson v. Larson*, 2002 ND 196, ¶ 7, 653 N.W.2d 869. A motion to alter and amend a judgment under N.D.R.Civ.P. 59(j) is timely only if it is "served and filed no later than 15 days after notice of entry of the judgment." Douglas Hilgers had actu-

al knowledge of the May 13, 2003, order on June 6, 2003, and his June 12, 2003, petition for modification of the support orders was timely for purposes of tolling the time to appeal from the May 13, 2003, order. The district court disposed of this motion on June 19, 2003. Again, no notice of service of entry of the ruling appears in the record. However, Douglas Hilgers' July 7, 2003, motion to set aside and amend the findings and order of the court is dated July 2, 2003, and acknowledges the June 19, 2003, ruling denying his request for spousal support. Douglas Hilgers' July 7, 2003, motion can be considered a timely motion for reconsideration. However, a motion to reconsider or amend an order disposing of a time-tolling, post-trial motion for reconsideration does not extend the time to file a notice of appeal. *Larson*, at ¶ 10. Consequently, an attempt to appeal the May 13, 2003, order of the district court would be untimely.

[¶ 14] We reach the same conclusion regarding the district court's June 19, 2003, ruling. The record shows Douglas Hilgers had actual knowledge of that ruling on July 2, 2003, which is more than 60 days before he filed his notice of appeal on September 2, 2003. Although N.D.R.Civ.P. 6(e) permits an additional three days to be added to the time period for service by mail, *see Schaan v. Magic City Beverage Co.*, 2000 ND 71, ¶ 11, 609 N.W.2d 82, Rule 6(e) does not apply under these circumstances. Douglas Hilgers did not receive service of notice of entry of the order by mail. Rather, the running of the time for appeal began upon his actual notice of the June 19, 2003, ruling. When a period begins only after actual notice, Rule 6(e) is not applied to extend the time because its use is not necessary to protect the party receiving notice from any possible harsh effects caused by use of service by mail. *See* 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and*

*Procedure: Civil 3d* § 1171, at p. 592 (2002), and cases cited therein.

[¶ 15] We conclude Douglas Hilgers has timely attempted to appeal only the district court's August 21, 2003, two-page letter opinion in response to his July 7, 2003, motion to set aside or amend the previous orders of the court. However, unless followed by a subsequently entered consistent judgment or order, a letter opinion is not an appealable order under N.D.C.C. § 28–27–02. *See First American Bank West v. Berdahl*, 556 N.W.2d 63 n. 1 (N.D.1996); *Patten v. Green*, 369 N.W.2d 105, 106 (N.D.1985). The district court's August 21, 2003, letter opinion is not followed by a consistent judgment or order. Therefore, we dismiss the appeal.

III

[¶ 16] This Court may examine a district court decision by invoking its supervisory authority. *See Patten*, 369 N.W.2d at 106. In *Dimond v. State Bd. of Higher Educ.*, 1999 ND 228, ¶ 19, 603 N.W.2d 66 (citations omitted), we said:

Our authority to issue supervisory writs arises from Article VI, Sec. 2 of the North Dakota Constitution and N.D.C.C. § 27–02–04. This authority is discretionary; it cannot be invoked as a matter of right. We issue supervisory writs "only to rectify errors and prevent injustice when no adequate alternative remedies exist." We exercise this authority "rarely and cautiously" and only in "extraordinary cases."

[¶ 17] Douglas Hilgers' major argument in this case concerns the district court's failure to address issues involving the proper determination of Brenda Hilgers' child support obligation and modification of his spousal support obligation, which he has raised in numerous motions brought before the court. Because the

district court's failure to address these issues deprives Douglas Hilgers of any remedy, we conclude the exercise of our supervisory authority is warranted here. This Court has jurisdiction under N.D. Const. art. VI, § 2, and N.D.C.C. § 27–02–04.

## IV

[¶ 18] A district court's denial of a motion to alter, amend, or reconsider an order or judgment will not be reversed absent a manifest abuse of discretion. *Hanson v. Hanson,* 2003 ND 20, ¶ 5, 656 N.W.2d 656; *Larson,* 2002 ND 196, ¶ 11, 653 N.W.2d 869. A district court abuses its discretion only when it acts in an arbitrary, unreasonable, or unconscionable manner, or when its decision is not the product of a rational mental process leading to a reasoned determination. *Larson,* at ¶ 11.

[¶ 19] Douglas Hilgers' appellate brief lists 16 "issues" for review, essentially raising five allegations of error. He argues the district court erred in refusing to grant him relief from the spousal support order contained in the divorce judgment under N.D.R.Civ.P. 60(b)(vi); erred in refusing to order that Brenda Hilgers pay him spousal support, or in lieu of spousal support, order that she establish a trust fund for their minor son; erred by failing to comply with the Child Support Guidelines in setting Brenda Hilgers' child support obligation; erred in refusing to find a material change of circumstances warranting a termination or modification of his spousal support obligation and a modification of his payments on existing arrearages; and erred by failing to specifically address these issues.

### A

[¶ 20] Douglas Hilgers' argument for relief from the divorce judgment under N.D.R.Civ.P. 60(b)(vi) was initially raised in October 1998 and rejected by the district court. As he did then, Douglas Hilgers again relies on his health problems during the time of the default divorce proceedings as justification for relief from the judgment. He offered no new evidence or arguments to the court. We conclude the district court did not abuse its discretion in refusing to reconsider denial of this motion.

### B

[¶ 21] Douglas Hilgers argues the district court should have ordered Brenda Hilgers to pay him spousal support or ordered that she establish a trust fund for their minor son. Because the district court made no initial award of spousal support to Douglas Hilgers and failed to reserve expressly its jurisdiction to do so in the divorce judgment, the district court lacks jurisdiction to award spousal support to him at this juncture. *See, e.g., Rudh v. Rudh,* 517 N.W.2d 632, 634 (N.D.1994); *Becker v. Becker,* 262 N.W.2d 478, 484 (N.D.1978). Douglas Hilgers did not request establishment of a trust fund in the district court and therefore cannot raise the issue for the first time in this Court. *See Questa Res., Inc. v. Stott,* 2003 ND 51, ¶ 6, 658 N.W.2d 756. We conclude the district court did not abuse its discretion in refusing to reconsider this argument.

### C

[¶ 22] We agree with Douglas Hilgers that the district court erred in failing to address issues concerning Brenda Hilgers' child support obligation and modification of his spousal support obligation and payments on the arrearages. These issues were clearly and repeatedly raised in Douglas Hilgers' numerous motions filed with the court.

[¶ 23] The issues are not patently frivolous. A court errs as a matter of law when

it fails to comply with the requirements of the Child Support Guidelines in determining an obligor's child support obligation, *see, e.g., McDowell v. McDowell,* 2003 ND 174, ¶ 27, 670 N.W.2d 876, and spousal support payments may be modified upon a showing of a material change of circumstances. *See, e.g., Lohstreter v. Lohstreter,* 2001 ND 45, ¶ 13, 623 N.W.2d 350. Here, Douglas Hilgers has requested that Brenda Hilgers' child support obligation be determined in accordance with the Child Support Guidelines, and the district court even envisioned further hearings to determine her actual earnings. The record shows Brenda Hilgers is also confused about the determination of her child support obligation. Douglas Hilgers also alleged with supporting affidavits that his financial circumstances have changed, justifying a termination or modification of his spousal support obligation and the modification of his payments on arrearages. This is not a situation in which we can clearly understand the court's factual determinations and discern through inference or deduction the rationale for the district court's result. *See Sweeney v. Sweeney,* 2002 ND 206, ¶ 20, 654 N.W.2d 407.

[¶ 24] Although it appears Brenda Hilgers received service of the motions and accompanying documents by mail, the record does not reflect that Douglas Hilgers provided her with any notices of hearing. It is a movant's responsibility to secure from the district court a hearing date, to notice the motion for hearing, and to serve the notice under N.D.R.Civ.P. 6(d), or if the court refuses to set a hearing, to make the refusal a matter of record. *Bohn v. Eichhorst,* 181 N.W.2d 771, 776 (N.D. 1970). *See also Bakes v. Bakes,* 532 N.W.2d 666, 668 (N.D.1995); *Breyfogle v. Braun,* 460 N.W.2d 689, 692–93 (N.D. 1990); *Production Credit Ass'n v. Schlak,* 383 N.W.2d 826, 827 (N.D.1986). If this

was the reason for the district court's rejection of the child and spousal support arguments, the court should have so explained in denying the motions.

[¶ 25] A district court abuses its discretion when it fails to address nonfrivolous issues presented to the court. *See Hilgers,* 2002 ND 173, ¶ 29, 653 N.W.2d 79; *Kautzman v. Kautzman,* 1998 ND 192, ¶ 36, 585 N.W.2d 561; *Helbling v. Helbling,* 532 N.W.2d 650, 653 (N.D.1995); *Anderson v. Anderson,* 448 N.W.2d 181, 183 (N.D.1989). We conclude the district court abused its discretion in failing to reconsider and address the issues of Brenda Hilgers' child support obligation and modification of spousal support and payment of arrearages raised by Douglas Hilgers.

V

[¶ 26] We dismiss the appeal, but we exercise our supervisory authority and direct the district court to address Douglas Hilgers' requests for a determination of Brenda Hilgers' child support obligation and for modification of his spousal support obligation and payments of arrearages.

[¶ 27] GERALD W. VANDE WALLE, C.J., WILLIAM A. NEUMANN, MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, JJ., concur.