2006 ND 23

**Brenda M. HILGERS, Plaintiff and Appellee**

v.

**Douglas G. HILGERS, Defendant and Appellant.**

**No. 20050146.**

Supreme Court of North Dakota.

Jan. 31, 2006.

Rehearing Denied March 29, 2006.

Brenda M. Hilgers, plaintiff and appellee; no appearance.

Douglas G. Hilgers (on brief), pro se, Duluth, MN, for defendant and appellant.

KAPSNER, Justice.

[¶ 1] Douglas Hilgers appeals from a district court "letter opinion" entered after this Court exercised its supervisory authority in *Hilgers v. Hilgers,* 2004 ND 95, ¶ 26, 679 N.W.2d 447, and directed the district court to address his "requests for a determination of Brenda Hilgers' child support obligation and for modification of his spousal support obligation and payments of arrearages." The district court ordered Douglas Hilgers to pay Brenda Hilgers $36.96 in an offsetting child support obligation and accepted Brenda Hilgers' waiver of any claim against Douglas Hilgers for unpaid spousal support. We affirm the court's decision on child support, spousal support, and arrearages, and we do not address his issues about contempt.

I

[¶ 2] In order to provide context to the issues raised on appeal, we briefly outline the procedure leading up to the district court's April 15, 2005, "letter opinion." Douglas and Brenda Hilgers were married in 1980 and had four children. In 1998, Brenda Hilgers sued Douglas Hilgers for divorce in Ward County District Court, and following default divorce proceedings, a divorce judgment was entered in September 1998. At the time of the divorce, two of the children were minors. Brenda Hilgers, who lived in Bottineau, was awarded custody of the parties' two minor children, and Douglas Hilgers, who lived in Duluth, Minnesota, was awarded reasonable visitation and ordered to pay Brenda Hilgers $977 per month in child support and $500 per month in spousal support

until their minor son became 19 or graduated from high school. In October 1998, Douglas Hilgers unsuccessfully moved for relief from the default judgment.

[¶ 3] Douglas Hilgers' child support obligation for the two minor children was later reduced to $610 per month effective December 1, 2000. In *Hilgers v. Hilgers,* 2002 ND 173, ¶ 1, 653 N.W.2d 79 (*Hilgers I* ), we affirmed the district court's denial of Douglas Hilgers' motion for a change of custody and refusal to appoint a guardian ad litem for his minor son, but reversed and remanded for the court to create a visitation schedule and to explain its rationale for setting December 1, 2000, as the effective date of the child support reduction.

[¶ 4] While the appeal in *Hilgers I* was pending, Douglas Hilgers moved to review and modify his spousal support obligation, claiming his net monthly income was almost $1,400 less than the amount relied upon in the default divorce proceeding. After the remand in *Hilgers I,* the district court set a visitation schedule and explained its rationale for reducing the child support effective December 1, 2000. In March 2003, Douglas Hilgers sent a letter to the district court, complaining about the court's refusal to grant a hearing on his motion regarding his spousal and child support obligations. Also in March 2003, Douglas Hilgers was convicted in Bottineau County District Court of removing his minor son from the state in 2001, in violation of the custody decree. *See State v. Hilgers,* 2004 ND 160, 685 N.W.2d 109, *cert. denied,* —— U.S. ——, 125 S.Ct. 1613, 161 L.Ed.2d 280 (2005). Immediately after the March 2003 conviction, Douglas Hilgers moved to temporarily change custody of his minor son, and the district court granted his motion pending a hear-

ing. Douglas Hilgers again moved for review and modification of his child and spousal support obligations and sought to have Brenda Hilgers pay child support. After a hearing, the district court changed custody of the minor son to Douglas Hilgers, terminated his child support obligation effective April 2, 2003, and ordered Brenda Hilgers to pay $168 per month in child support from that date. The court did not address spousal support.

[¶ 5] In June 2003, Douglas Hilgers filed another motion for modification of the support orders, asking the court to issue a child support order, to terminate his spousal support obligation, to order Brenda Hilgers to pay "custodial parent spousal support," and to review the withholdings of his wages. The court denied Douglas Hilgers' request for spousal support from Brenda Hilgers. In July 2003, Douglas Hilgers filed a motion for all the relief that either had been denied or had not been addressed. He complained that he had not received any child support from Brenda Hilgers. He requested withholding of Brenda Hilgers' wages, termination of his spousal support obligation, and an explanation regarding the denial of spousal support for him. In an August 2003 letter, the court indicated the matter was still venued in Ward County, but the court did not mention the child or spousal support issues. Douglas Hilgers appealed to this Court from the district court's letter opinion.

[¶ 6] On May 5, 2004, this Court dismissed Douglas Hilgers' appeal from the district court's "letter opinion," but exercised its supervisory authority and directed the court to address Brenda Hilgers' child support obligation and Douglas Hilgers' spousal support obligation and payment of arrearages. *Hilgers v. Hilgers,* 2004 ND 95, ¶¶ 15, 26, 679 N.W.2d 447 (*Hilgers II* ).

[¶ 7] However, on September 4, 2003, and while his appeal was pending in *Hilgers II,* Douglas Hilgers secured a stay pending appeal of the child and spousal support orders "as effected by the Grand Forks Regional Child Support Enforcement Unit." On February 25, 2004, Douglas Hilgers filed a motion to find Brenda Hilgers and an attorney with the child support enforcement unit in contempt of court for intercepting his federal income tax refund of $440. He claimed the interception violated the stay pending appeal, and he sought discovery from the child support enforcement unit. On April 29, 2004, the district court ordered a change of venue of the contempt proceeding from Ward County to Grand Forks County. On May 13, 2004, a district court judge in Grand Forks County returned the case to Ward County, stating the Ward County district court judge did not have jurisdiction to change venue because of the pending appeal in *Hilgers II.*

[¶ 8] Meanwhile, on May 5, 2004, this Court issued its supervisory decision in *Hilgers II,* at ¶ 26, directing the district court to address Douglas Hilgers' "requests for a determination of Brenda Hilgers' child support obligation and for modification of his spousal support obligation and payments of arrearages." On August 20, 2004, the district court wrote a letter to Douglas Hilgers, which stated:

> In the simplest of terms tell me what you would like to be done and I will see if I can comply with your request. I am assuming your son is now 18 years of age. Has he graduated from high school? I will try to do what I can for you and for your son but I need to know what you want and what you base your request on. Please try to make it as simple as possible.

[¶ 9] Douglas Hilgers sent the district court a letter, dated November 18, 2004, in

which he mentioned an evidentiary hearing about the contempt issue and the financial status of the parties. Douglas Hilgers sent the district court additional letters that were filed on December 3, 2004, December 17, 2004, and December 23, 2004. In those letters, he complained about his criminal conviction and requested an evidentiary "hearing in the matter of the Custody, Contempt, and Orders/Findings of the Civil Court." In the letter filed on December 23, 2004, Douglas Hilgers indicated the North Dakota Supreme Court's analysis in *Hilgers II* was "fraught with many factual mis-references." He claimed Brenda Hilgers had not resided in Minot since she was 18, his son had not resided with Brenda Hilgers since February 2001, and there had been a misapplication of spousal and child support from that date forward. Douglas Hilgers also referred to the sentencing at his criminal hearing and to amounts of past child and spousal support awards as not being equitable. He referred to spousal support and Brenda Hilgers' income and sought an extension of child support for two more years for his youngest son, who had turned 18. Douglas Hilgers complained about the interception of his tax refund in that letter, the loss of his homestead, and the failure to appoint a guardian ad litem to protect the best interest of the children and to compel Brenda Hilgers to transfer certain property in Wisconsin to the children. Douglas Hilgers also complained about and sought relief from the arrearages for his spousal support obligation. On December 21, 2004, the district court sent Douglas Hilgers a letter, informing him the matter would be set for hearing.

[¶ 10] On December 31, 2004, upon retirement of the district court judge, the case was reassigned to a different district court judge, the Honorable William W. McLees. On January 5, 2005, Judge McLees wrote the parties, explaining the court would limit the issues at the hearing to those identified in *Hilgers II*. A hearing was scheduled for February 28, 2005, with notice to Douglas and Brenda Hilgers. On February 3, 2005, Douglas Hilgers filed a "Petition For Writ of Mandamus Upon the District Court ... Affidavit/Motion for Investigation and Sanction for Contempt," and served the document on Brenda Hilgers. In his petition for writ of mandamus, he complained about the court's decision to limit the issues at the scheduled hearing. He argued his due process rights had been curtailed. He again complained about child support and spousal support issues and that his youngest son was never afforded a guardian ad litem. He also raised issues about statements in this Court's opinion in *Hilgers II*. His petition referred to Brenda Hilgers' income and mentioned that his taxes had been repeatedly intercepted. He also referred to his petition for contempt of the parties responsible for the tax interception. His petition also complained about the original default divorce decree and the denial of a hearing to vacate that judgment. His petition mentioned visitation and that the youngest son had not lived with Brenda Hilgers while she was receiving spousal and child support. Douglas Hilgers sought protection of the children's rights and relevant financial information and records to enable a just and equitable decision and to assess the issues of contempt. He also sought to compel the testimony of a witness.

[¶ 11] At the hearing, the district court stated it would consider only the issues specified in this Court's decision in *Hilgers II*, and it would not consider other issues raised by Douglas Hilgers. At the hearing, Brenda Hilgers waived any claim to unpaid spousal support and arrearages. In a "letter opinion" dated April 15, 2005, the court ultimately ordered Douglas Hil-

gers to pay Brenda Hilgers a total of $36.96 in an offsetting child support obligation.

## II

[¶ 12] Douglas Hilgers appeals from the court's April 15, 2005, "letter opinion." A "letter opinion" generally is not appealable. *Hilgers,* 2004 ND 95, ¶ 15, 679 N.W.2d 447. However, an appeal may be taken from a memorandum decision if it was intended to be the final order of the court. *American Ins. Co. v. Midwest Motor Express, Inc.,* 554 N.W.2d 182, 183 n. 1 (N.D.1996). The district court's "letter opinion" stated that after Douglas Hilgers paid Brenda Hilgers the $36.96 offset for child support, all issues directed to be considered had been resolved and the "Ward County Clerk of District Court can officially close this file." We conclude the district court intended the "letter opinion" to be a final decision of the court, and the appeal from that decision is properly before this Court.

## III

[¶ 13] Douglas Hilgers argues the district court erred by not certifying familiarity with the record under N.D.R.Civ.P. 63.

[¶ 14] Rule 63, N.D.R.Civ.P., provides that "[i]f a trial or hearing has been commenced and the judge is unable to proceed, any other judge may proceed with it upon certifying familiarity with the record and determining that the proceedings in the case may be completed without prejudice to the parties." Our rule is derived from the corresponding federal rule, and although we are not compelled to interpret our rules in the same manner as federal courts interpret the federal rule, decisions of the federal courts may be persuasive in interpreting our rule. *Weigel v. Weigel,* 1999 ND 55, ¶ 7, 591 N.W.2d 123. Rule 63, F.R.Civ.P., provides authority for substituting one judge for another judge who is unable to proceed, thus enabling an ongoing civil trial or hearing to proceed. 12 James Wm. Moore, *Moore's Federal Practice* § 63.02[1] (2005). The rule applies after a trial or hearing in a civil action has commenced and the trial judge is unable to proceed. *Id.* at § 63.02[2]. The plain language of F.R.Civ.P. 63 indicates "the certification of familiarity requirement applies to all cases in which a successor judge replaces another judge unable to proceed with a trial or hearing that has commenced." *Canseco v. United States,* 97 F.3d 1224, 1226 (9th Cir.1996). We conclude N.D.R.Civ.P. 63 does not apply to this case, because the hearing had not commenced when Judge McLees was assigned this case after the previous judge retired. Judge McLees conducted the evidentiary hearing in this case, and he was not required to make a certification under N.D.R.Civ.P. 63.

## IV

[¶ 15] In his remaining claims, Douglas Hilgers essentially argues the district court erred in refusing to hear and consider other issues raised by him in his petition for writ of mandamus and his request for a contempt sanction, including issues about past visitation, spousal support, child support, the appointment of a guardian ad litem for the children, and Brenda Hilgers' financial circumstances.

[¶ 16] In *Hilgers II,* 2004 ND 95, ¶ 26, 679 N.W.2d 447, this Court directed the district court to address Douglas Hilgers' "requests for a determination of Brenda Hilgers' child support obligation and for modification of his spousal support obligation and payments of arrearages." At the hearing, both parties presented statements under oath. The parties essentially settled the issues about Douglas Hilgers' spousal support obligation and ar-

rearages, and Brenda Hilgers waived any claim to spousal support arrearages in an amount she said was about $20,000. The remaining issue decided by the district court involved the parties' child support obligations. The district court reviewed available records and concluded Douglas Hilgers owed Brenda Hilgers $3,304.21 in child support and she owed him $3,267.25 in child support. The court offset their respective obligations and ordered Douglas Hilgers to pay Brenda Hilgers a total of $36.96. There was evidence presented to the district court to support the court's offset of the parties' child support obligations, and we will not retry those issues. We conclude the district court did not err in offsetting the parties' child support obligation. Moreover, to the extent Douglas Hilgers attempts to raise issues that have been decided against him in the prior civil proceedings and the criminal action, we conclude the district court did not err in denying his requests.

[¶ 17] While the appeal was pending in *Hilgers II*, Douglas Hilgers asked the district court to find Brenda Hilgers and the Grand Forks Regional Child Support Enforcement Unit in contempt for intercepting his federal tax return in violation of a stay pending appeal. After this Court's decision in *Hilgers II*, he again asked the district court to proceed on the contempt issue. The district court refused to consider that issue and it has not been decided by a court. Moreover, this record does not reflect that the child support enforcement unit was a party to, or was given notice of the February 28, 2005, hearing. Under these circumstances, we decline to address Douglas Hilgers' claims about contempt. He may pursue the contempt issue for the tax interception upon proper notice and designation of the appropriate parties. However, to the extent his claim involves money intercepted in payment of child support, that issue has been resolved by the determination of offsetting child support claims decided by Judge McLees.

V

[¶ 18] We affirm the district court's decision about spousal and child support, and we decline to address Douglas Hilgers' claims about contempt.

[¶ 19] GERALD W. VANDE WALLE, C.J., DALE V. SANDSTROM, DANIEL J. CROTHERS, and MARY MUEHLEN MARING, JJ., concur.