2010 ND 123

**STATE of North Dakota, Plaintiff and Appellant**

v.

**Justin Frederick BERNSDORF, Defendant and Appellee.**

**No. 20100017.**

Supreme Court of North Dakota.

June 30, 2010.

Bradford Alan Peterson, Assistant State's Attorney, Minot, ND, for plaintiff and appellant.

Robert Wade Martin, North Dakota Public Defenders' Office, Minot, ND, for defendant and appellee.

CROTHERS, Justice.

[¶ 1] The State attempted to appeal the district court's judgment acquitting Justin Bernsdorf on the charge of actual physical control of a motor vehicle with a blood-alcohol concentration of 0.08 percent or greater. The State subsequently requests that the appeal be treated as an application for a supervisory writ. We dismiss the appeal and decline to exercise our supervisory authority.

I

[¶ 2] On July 11, 2009, a Ward County Sheriff's deputy was dispatched to northeastern Ward County where a vehicle was reported in the ditch. Upon arriving, the officer observed a white van in the ditch with one of its rear tires off the ground and suspended over the roadway. The deputy approached and detected the odor of alcohol coming from an open window of the van. Bernsdorf was observed lying across the van's front seats, and the deputy asked Bernsdorf to exit the vehicle. Bernsdorf complied and subsequently failed the administered field sobriety tests. Bernsdorf was arrested and charged with actual physical control ("APC") of a motor vehicle while under the influence of alcohol.

[¶ 3] Bernsdorf's jury trial was held on December 16, 2009. The State introduced pictures of Bernsdorf's van and a certified copy of Form 107 indicating that within two hours of arrest Bernsdorf's blood-alcohol content ("BAC") was 0.15 percent. The deputy testified that, during his investigation, Bernsdorf admitted to drinking earlier in the evening and to being the sole occupant of the van as he drove from Granville. On cross-examination, the deputy admitted he did not verify the van's keys were in the van or were in Bernsdorf's possession and that he did not determine the van's operability.

[¶ 4] At the close of the State's case, Bernsdorf moved for acquittal under N.D.R.Crim.P. 29. The district court granted Bernsdorf's motion, finding that proof of an operable vehicle is an essential element of APC and that the State provided no evidence indicating Bernsdorf's van was operable at the time of arrest. A judgment of acquittal was entered on December 16, 2009, and the State filed its notice of appeal on January 13, 2010.

II

[¶ 5] The State attempted to appeal the district court's judgment of acquittal. "In a criminal action, the State has only such right of appeal as is expressly conferred by statute." *State v. Flohr*, 259 N.W.2d 293, 295 (N.D.1977). The statutory source of a State's right to appeal is N.D.C.C. § 29–28–07, which allows the State to appeal from:

"1. An order quashing an information or indictment or any count thereof.

2. An order granting a new trial.

3. An order arresting judgment.

4. An order made after judgment affecting any substantial right of the state.

5. An order granting the return of property or suppressing evidence, or suppressing a confession or admission, when accompanied by a statement of the prosecuting attorney asserting that the appeal is not taken for purpose of delay and that the evidence is a substantial proof of a fact material in the proceed-

ing. The statement must be filed with the clerk of district court and a copy must accompany the notice of appeal."

While N.D.C.C. § 29–28–07(1) allows the State to appeal from "[a]n order quashing an information or indictment," it is well established that the State cannot appeal from an acquittal. *See, e.g., State v. Bettenhausen*, 460 N.W.2d 394, 395 (N.D. 1990). In its brief and at oral arguments, the State concedes it does not have the right to appeal Bernsdorf's acquittal; therefore, we need not address this issue further.

### III

 [¶ 6] The State argues for a supervisory writ to provide "guidance on the specific issue of whether evidence of a person's act of driving is relevant and generally admissible in the administration of actual physical control prosecutions under N.D.C.C. § 39–08–01." This Court has the authority to review decisions of the district court by invoking our supervisory authority under N.D. Const. art. VI, § 2 and N.D.C.C. § 27–02–04. *Mann v. N.D. Tax Comm'r*, 2005 ND 36, ¶ 20, 692 N.W.2d 490 (citing *Hilgers v. Hilgers*, 2004 ND 95, ¶ 16, 679 N.W.2d 447). "Issuance of writs under our supervisory jurisdiction is entirely discretionary with this court, and will be done rarely and with caution. Such jurisdiction will only be invoked to rectify errors and prevent injustice when no adequate alternative remedies exist." *Polum v. N.D. Dist. Court, Stark County*, 450 N.W.2d 761, 762–63 (N.D.1990) (citations omitted).

[¶ 7] We conclude, without deciding whether the district court was correct or not, this case does not present the rare circumstances upon which we should exercise supervisory jurisdiction.

### IV

[¶ 8] We dismiss the State's appeal and deny the State's request to treat the appeal as an application for a supervisory writ.

[¶ 9] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, CAROL RONNING KAPSNER, and DALE V. SANDSTROM, JJ., concur.