2015 ND 219

**STATE of North Dakota, Plaintiff and Appellant**

v.

**Taylor Brent WEIGHT, Defendant and Appellee.**

No. 20140382.

Supreme Court of North Dakota.

Aug. 25, 2015.

Kimberly J. Radermacher, Assistant State's Attorney, LaMoure, ND, for plaintiff and appellant.

Andrew D. Cook (argued) and Robert G. Hoy (on brief), West Fargo, ND, for defendant and appellee.

KAPSNER, Justice.

[¶ 1] The State appeals from a district court judgment of acquittal dismissing a criminal mischief charge against Taylor Weight. Because the district court's judgment of acquittal resulted in an acquittal when the district court ruled the State failed to produce evidence of Weight's guilt, we dismiss the State's appeal.

I

[¶ 2] The State filed· an information charging Weight with insurance fraud, a class A felony, and criminal mischief, a class B felony, for allegedly setting fire to his parents' combine. At the preliminary hearing, the district court determined there was no probable cause to believe Weight committed insurance fraud, and that charge was dismissed without prejudice. At the October 2014 jury trial on the criminal mischief charge, Weight moved for judgment of acquittal at the close of the State's case. The district court orally granted Weight's motion, stating the State failed to meet its burden under N.D.C.C. § 29–21–14, and "as a matter of law," it "must dismiss the complaint." The court issued a "judgment of acquittal" on November 4, 2014, noting the State's evidence was "insufficient to sustain a conviction under N.D.C.C. § 29–21–14."

II

[¶ 3] On appeal, the State argues the district court erred in granting Weight's motion for judgment of acquittal because there was sufficient evidence to sustain a conviction.

[¶ 4] Weight argues the judgment is not appealable, and even if it is, the appeal must be dismissed because the State cannot retry the matter under the Double Jeopardy Clause.

III

[¶ 5] The State argues the district court erred in granting Weight's motion for judgment of acquittal and determining, as a matter of law, there was no corroborating evidence tending to connect Weight with the commission of the offense as required under N.D.C.C. § 29–21–14.

[¶ 6] At the close of the State's case, Weight made a Rule 29 motion for a judg-

ment of acquittal based on N.D.C.C. § 29–21–14, dealing with corroboration of accomplice testimony. *See* N.D.R.Crim.P. 29(a). The district court orally granted Weight's motion, stating the only evidence tending to connect Weight to the commission of the crime was the accomplice's testimony.

[¶ 7] After the State rests, the district court, on a defendant's motion, must enter a judgment of acquittal if there is insufficient evidence to sustain a conviction. N.D.R.Crim.P. 29(a). When considering a motion for a judgment of acquittal under N.D.R.Crim.P. 29, "the trial court, upon reviewing the evidence most favorable to the prosecution, must deny the motion if there is substantial evidence upon which a reasonable mind could find guilt beyond a reasonable doubt." *State v. Herzig*, 2012 ND 247, ¶ 12, 825 N.W.2d 235 (citation omitted).

[¶ 8] In this case, the district court based its ruling on N.D.C.C. § 29–21–14. Under N.D.C.C. § 29–21–14, corroboration of an accomplice's testimony is required:

A conviction cannot be had upon the testimony of an accomplice unless the accomplice is corroborated by such other evidence as tends to connect the defendant with the commission of the offense, and the corroboration is not sufficient if it merely shows the commission of the offense, or the circumstances thereof.

The purpose of requiring corroboration is to show that a testifying accomplice is a reliable witness. *State v. Fraser*, 2000 ND 53, ¶ 16, 608 N.W.2d 244. "[T]he existence of corroborating evidence is a question of law," but the weight of such evidence is for the jury to determine. *State v. Esparza*, 1998 ND 13, ¶ 6, 575 N.W.2d 203. The trial court is first required to determine, as a matter of law, whether there is any evidence corroborating the accomplice's testimony. *Fraser*, at ¶ 17. "Only after the court has found such corroborative evidence is it allowed to leave the question of the sufficiency of the corroborative evidence to the jury." *State v. Thorson*, 264 N.W.2d 441, 445 (N.D.1978).

[¶ 9] This Court has set standards for applying the corroboration requirement:

Any amount of corroboration is sufficient to give the case to the jury to determine the sufficiency of the corroboration.... All that is required is that the evidence, circumstantial or otherwise, corroborates the testimony of the accomplice as to some material fact or facts, and tends to connect the defendant with the commission of the crime. It is not necessary that the corroborating evidence be sufficient, in itself, to warrant a conviction or establish a prima facie case. It is the combined and cumulative weight of the evidence, other than the testimony of the accomplice witness, which satisfies the statute. The State need not point to a single, isolated fact which is sufficient corroboration.

*Fraser*, 2000 ND 53, ¶ 17, 608 N.W.2d 244 (citations omitted). The corroborating evidence does not need to be incriminating in itself or directly link the accused to the crime, nor does every material fact testified to by an accomplice need to be corroborated. *Id.* at ¶ 18; *State v. Anderson*, 172 N.W.2d 597, 600 (N.D.1969). Such evidence only needs to corroborate the accomplice as to some material fact and tend to connect the defendant with the crime. *State v. Torres*, 529 N.W.2d 853, 855 (N.D.1995); *see also Fraser*, at ¶ 21 (corroborating evidence does not need to be direct evidence of defendant's participation in the crime).

[¶ 10] In this case, the State argues the district court disregarded the corroborat-

ing evidence presented at trial and erred in granting Weight's motion for acquittal.

[¶ 11] For purposes of this appeal, we will assume the district court made an error of law by finding there was no corroborating evidence. *See State v. Falconer*, 2007 ND 89, ¶¶ 23–27, 732 N.W.2d 703 (sufficient independent evidence corroborated accomplice's testimony because police found clothing and shoes in apartment that were too big for accomplice and appeared to be defendant's size, evidence found in apartment was consistent with accomplice's initial account of defendant's assault against her, and drugs and paraphernalia were in plain view upon entering apartment); *see also Thorson*, 264 N.W.2d at 445–46 (accomplice's testimony corroborated by testimony from witnesses placing defendant and accomplice near scene of crime on night of incident and cigarette found at scene tended to connect defendant to crime because he smoked that brand of cigarettes). Regardless of the correctness of the district court's decision on Weight's motion for acquittal under N.D.C.C. § 29–21–14, the issue of whether this matter is appealable and whether the Double Jeopardy Clause is implicated must be addressed.

## IV

[¶ 12] Weight argues the State has no statutory right to appeal. The State argues the district court's "judgment of acquittal," when viewed in conjunction with the court's oral findings, is appealable.

[¶ 13] In a criminal action, the State's only right of appeal is that expressly granted by statute. *State v. Bernsdorf*, 2010 ND 123, ¶ 5, 784 N.W.2d 126; *State v. Erickson*, 2011 ND 49, ¶ 6, 795 N.W.2d 375. "[I]t is well established that the State cannot appeal from an acquittal." *Bernsdorf*, at ¶ 5. However, the State may appeal an "order quashing an information

or indictment or any count thereof." N.D.C.C. § 29–28–07(1).

[¶ 14] This Court has explained the difference between an acquittal and an order quashing an information:

[T]o determine what constitutes an acquittal, as distinguished from a dismissal quashing the information, we look at the substance of the judge's ruling to determine whether it actually represents a resolution of some or all of the factual elements of the offense charged. If the trial court's decision is based upon legal conclusions rather than a resolution of some or all of the factual elements of the events charged, the ruling amounts to a dismissal or a quashing of the information from which the State has a right to appeal.

*Erickson*, 2011 ND 49, ¶ 7, 795 N.W.2d 375 (internal citations omitted). Thus, if the district court's ruling is not based on a resolution of some or all of the factual elements of the charged offense, the State may appeal from an order of dismissal of a criminal case. *State v. Hammond*, 498 N.W.2d 126, 127 (N.D.1993). However, if the court's ruling represents the resolution of a factual element, then it is an acquittal which cannot be appealed due to the Double Jeopardy Clause of our federal and state constitutions. *Id.* at 127–28.

[¶ 15] The State argues the district court's "judgment of acquittal," when viewed in conjunction with the court's oral findings, constitutes an order quashing an information under N.D.C.C. § 29–28–07 and, therefore, is appealable. The State maintains the district court did not resolve any of the factual elements of the crime, but rather made an erroneous legal conclusion as to the existence of corroborating evidence under N.D.C.C. § 29–21–14; thus, the State argues the matter is appealable.

[¶ 16] Here, the district court, in its written "judgment of acquittal" found the State's evidence was insufficient to sustain a conviction under N.D.C.C. § 29–21–14. The district court's oral findings at trial also indicate it found the State's evidence was insufficient:

Ladies and Gentlemen, there are, in my experience, rare occasions when my duty as a judge to rule on the law prevents you from having the opportunity to rule on the facts. There is a minimum standard that the State must meet before I can allow you to determine the facts.

The case that has been presented to you today and prior [to] this week fails to meet that burden under § 29–21–14 of the North Dakota Century Code. I want to briefly explain that to you so you understand the reason that I am going to withhold your duty to render a verdict on the facts.

For good reason the law prohibits anyone from being convicted of any offense unless—solely on the testimony of a co-conspirator. There has been evidence before you today and yesterday that indicates that there is a fire. We've heard a lot of testimony about that. We have only the testimony of C.G. to allow you to make any conclusion that that fire was a suspicious fire. He is a co-conspirator—or an accomplice is the correct word, accomplice, based on his own admission. He provided gas. He provided the lighter, if that's true. If it's not true, then there was no offense. If it was true, it's the only evidence connecting Mr. Weight to the fire. There is nothing in what you heard that connects him in any other way.

Therefore, as a matter of law, I must dismiss the complaint and that is what I am going to do today.

[¶ 17] The district court's oral statements at trial and its written "judgment of acquittal," holding there was insufficient evidence to sustain a conviction, resolved the factual elements of the offense charged. It was a true acquittal, rather than an order quashing the information, and the State is not permitted to appeal. *See City of Dickinson v. Kraft*, 472 N.W.2d 441, 443 (N.D.1991) ("There can be no appeal from a true judgment of acquittal."); *see also State v. Flohr*, 259 N.W.2d 293, 295–96 (N.D.1977).

V

[¶ 18] The State argues double jeopardy is not implicated because Weight sought to have the trial terminated on a basis unrelated to factual guilt or innocence, he successfully avoided submission of his factual guilt or innocence to the jury, he was not acquitted, and he suffers no injury cognizable under the Double Jeopardy Clause.

[¶ 19] Weight argues the Double Jeopardy Clause prohibits the State from appealing or retrying the case when the jury was empaneled and sworn and the district court ruled the evidence was insufficient to sustain a conviction.

[¶ 20] "The double jeopardy provisions of the federal and state constitutions, and state law, prohibit successive prosecutions and punishments for the same criminal offense." *State v. Voigt*, 2007 ND 100, ¶ 11, 734 N.W.2d 787. It is well established that jeopardy attaches in a jury trial when the jury is empaneled and sworn. *Id.* "Each case in which a double jeopardy violation is asserted must turn upon its own facts." *Id.* at ¶ 13.

[¶ 21] Double jeopardy bars reprosecution after judicial termination of a trial by directed acquittal, regardless of whether the judicial determination as to

the insufficiency of the evidence was "based on its complete absence, its total lack of persuasiveness, its failure 'as a matter of law' due to the substantive content of the offense in question, or an erroneous decision to exclude essential proof." 6 Wayne R. LaFave et al., *Criminal Procedure* § 25.3(c) (3d ed.2014). "An acquittal due to insufficient evidence precludes retrial, whether the court's evaluation of the evidence was 'correct or not,' and regardless of whether the court's decision flowed from an incorrect antecedent ruling of law." *Id.* (citation omitted).

[¶ 22] The United States Supreme Court recently discussed double jeopardy in *Evans v. Michigan*, —— U.S. ——, 133 S.Ct. 1069, 185 L.Ed.2d 124 (2013). In *Evans*, after the State of Michigan rested its case at Evans' criminal trial, the trial court entered a directed verdict of acquittal, based on its view that the State had not provided sufficient evidence of a particular element of the offense; however, the unproven "element" was not actually a required element of the offense. 133 S.Ct. at 1073. On appeal, the United States Supreme Court considered the question of whether an "erroneous acquittal" constitutes an acquittal for double jeopardy purposes. *Id.* The Court noted, "[a] mistaken acquittal is an acquittal nonetheless, and we have long held that a verdict of acquittal could not be reviewed, on error or otherwise, without putting a defendant twice in jeopardy, and thereby violating the Constitution." *Id.* at 1074 (internal quotation and citation omitted). An acquittal has been defined "to encompass any ruling that the prosecution's proof is insufficient to establish criminal liability for an offense;" thus, an "acquittal" includes a ruling by the court that there is insufficient evidence to convict. *Id.* at 1074–75. Ultimately, the Court concluded the "trial court's judgment of ac-

quittal resolved the question of Evans' guilt or innocence as a matter of the sufficiency of the evidence, not on unrelated procedural grounds," and that judgment, "however erroneous" it was, precluded reprosecution of the charge and should have barred the State's appeal. *Id.* at 1078.

[¶ 23] Here, the jury was empaneled and sworn, the State presented its case, and the district court granted Weight's Rule 29 motion for acquittal, because the court found the State's evidence was "insufficient to sustain a conviction under N.D.C.C. § 29–21–14." Like in *Evans*, it is evident the district court evaluated the State's evidence and determined it was legally insufficient to sustain a conviction, and the district court's oral ruling leaves no doubt it made its determination on the basis of "testimony" the State presented. *See Evans*, 133 S.Ct. at 1075. This ruling was not a dismissal on procedural grounds "unrelated to factual guilt or innocence," but rather was a determination that the State had failed to prove its case; thus, Weight was acquitted. *See id.*

[¶ 24] We dismiss the State's appeal.

[¶ 25] GERALD W. VANDE WALLE, C.J., LISA FAIR McEVERS, DALE V. SANDSTROM, JJ., concur.

DANIEL J. CROTHERS, J., concurs in the result.