# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2025 ND 71

State of North Dakota,                                         Plaintiff and Appellant

     v.

Scott Neil Krebs,                                             Defendant and Appellee

## No. 20240355

Appeal from the District Court of Barnes County, Southeast Judicial District, the Honorable Jay A. Schmitz, Judge.

DISMISSED.

Opinion of the Court by Tufte, Justice.

Tonya Duffy, State's Attorney, Valley City, N.D., for plaintiff and appellant.

Kiara C. Kraus-Parr, Grand Forks, N.D., for defendant and appellee.

**Tufte, Justice.**

[¶1] The State of North Dakota appeals from a district court's judgment of acquittal entered after the court granted Scott Neil Krebs' renewed N.D.R.Crim.P. 29 motion, setting aside a jury's guilty verdict for driving under the influence. In the alternative, the State petitions the Court for a supervisory writ directing the district court to vacate its judgment of acquittal and reinstate the jury's verdict.

[¶2] The State may appeal if the district court's order granting the Rule 29 motion was an "order quashing an information" under N.D.C.C. § 29-28-07(1), but it may not appeal if the court's decision was a true judgment of acquittal. *State v. Kolstad*, 2020 ND 97, ¶ 13, 942 N.W.2d 865. We conclude the district court resolved a factual element of the offense charged when it explained "there's simply not enough evidence;" "it's such a close case of whether the evidence is sufficient to support a finding beyond a reasonable doubt that he was impaired to a degree that prevented him from safely driving the vehicle. On this evidence I cannot say that it does." Because the State may not appeal from a judgment of acquittal, we dismiss the appeal. *State v. Weight*, 2015 ND 219, ¶ 17, 868 N.W.2d 821.

[¶3] We decline to exercise our supervisory jurisdiction under N.D. Const. art. VI, § 2, and N.D.C.C. § 27-02-04. "The authority to issue a supervisory writ is discretionary, and we decide whether to exercise supervisory jurisdiction on a case-by-case basis, considering the unique circumstances of each case." *State v. Powley*, 2019 ND 51, ¶ 12, 923 N.W.2d 123. "We exercise our authority to issue supervisory writs rarely and cautiously, and *only* to rectify errors and prevent injustice *in extraordinary cases* when no adequate alternative exists." *Id.* ¶ 15 (emphasis in original). Contrary to the State's argument, this case does not present the same extraordinary situation as *State v. Deutscher*, 2009 ND 98, 766 N.W.2d 442, where the district court did not have the authority, upon its own motion, to enter a judgment of acquittal under Rule 29. Krebs timely renewed his motion for judgment of acquittal under Rule 29, and the district court granted

that motion; "the fact that the State may be unable to appeal the district court's ruling does not necessarily create extraordinary circumstances justifying supervisory jurisdiction." *Powley*, 2019 ND 51, ¶ 13. Routinely granting writs to correct errors in such situations would ignore the strict limitations on appeals by the State under N.D.C.C. § 29-28-07. *Id.* We decline the State's request to exercise our supervisory jurisdiction.

[¶4]   Jon J. Jensen, C.J.
       Daniel J. Crothers
       Lisa Fair McEvers
       Jerod E. Tufte
       Douglas A. Bahr