Crothers, Justice.
 

 [¶ 1] Daniel and Jann Thompson appeal a district court judgment dismissing their complaint against Walsh County, the Walsh County Auditor, the Walsh County State's Attorney, the Walsh County Board of Commissioners and the state of North Dakota. We affirm, concluding the court did not err by dismissing the Thompsons' claims.
 

 I
 

 [¶ 2] In May 2016 Walsh County notified Jann Thompson
 
 [1]
 
 she failed to pay her 2013 property taxes. The notice stated the County would foreclose on the property unless Thompson paid the taxes by October 1, 2016. Thompson previously attempted to pay the taxes with promissory notes and other instruments; however, they were not accepted by the County. On October 6, 2016, the County recorded a tax deed for the property due to Thompson's failure to pay the 2013 taxes. The County informed Thompson she had the right to repurchase the property before the tax sale by paying all outstanding taxes and costs against the property. On November 2, 2016, Thompson paid the 2013, 2014 and 2015 taxes and redeemed the property.
 

 [¶ 3] Before paying the outstanding property taxes the Thompsons sued the Defendants, claiming the State has no authority to tax their property, and county officials improperly refused payment by not accepting the Thompsons' promissory notes. The Thompsons also alleged fraud, inverse condemnation and slander of title. The Thompsons subsequently filed a number of other documents and motions relating to their complaint. The Defendants denied the Thompsons' allegations, and requested dismissal of the complaint and denial of the additional civil filings and motions.
 

 [¶ 4] The Defendants moved for summary judgment, arguing the Thompsons failed to exhaust their administrative remedies by not bringing their claims related to property taxes to the Walsh County Board of Commissioners before suing. The district court agreed and dismissed the Thompsons' claims.
 

 [¶ 5] Following dismissal, the Thompsons filed a motion requesting a transfer and assignment of their property tax obligations to the Defendants' attorney. The
 court denied the motion, concluding it was frivolous because "[n]o reasonable person could think a court would rule in Plaintiffs' favor and assign all future real estate tax obligations to Defendants' themselves, much less their attorney individually." The court awarded the Defendants $400 in attorney's fees.
 

 II
 

 [¶ 6] Summary judgment is a procedural device under N.D.R.Civ.P. 56(c) for the prompt resolution of a controversy on the merits without a trial if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law.
 
 Horob v. Farm Credit Services of N.D.
 
 ,
 
 2010 ND 6
 
 , ¶ 11,
 
 777 N.W.2d 611
 
 . On appeal we view the evidence in the light most favorable to the party opposing the motion, and the opposing party is given the benefit of all favorable inferences that can reasonably be drawn from the record.
 
 Palmer v. 999 Quebec, Inc.
 
 ,
 
 2016 ND 17
 
 , ¶ 6,
 
 874 N.W.2d 303
 
 . "Whether a district court properly granted summary judgment is a question of law this Court reviews de novo on the entire record."
 

 Id.
 

 [¶ 7] The Thompsons argue the district court erred in dismissing their claims against the Defendants. The Defendants assert the court properly dismissed the claims because Thompsons failed to submit their property tax claims to the Walsh County Board of Commissioners as required by N.D.C.C. § 57-45-09.
 

 [¶ 8] Section 57-45-09, N.D.C.C., provides:
 

 "No action may be brought in the courts of this state to annul any taxes or tax assessments, except special assessments for public improvements, or to recover back taxes erroneously paid, or any part thereof, until the same first has been submitted to the board of county commissioners for adjustment in accordance with the existing law, and any action brought without having been first submitted to the board of county commissioners must be dismissed without prejudice."
 

 [¶ 9] The Thompsons argue the County should have accepted their promissory notes and honored them for payment of the property taxes. "The county treasurer, and other officials charged with the duty of collecting public moneys, in their discretion, may accept bank checks, bank drafts, and express and post-office money orders in payment of any tax, assessment, fee, or license." N.D.C.C. § 57-20-13. "The acceptance of any check, draft, or money order in payment of any tax, fee, or license does not constitute payment until it has been duly honored and paid, and acceptance is subject to collection." N.D.C.C. § 57-20-14. The plain language of the statutes gives a county discretion to restrict the form of payment for property taxes, and acceptance of an instrument does not establish actual payment until honored.
 

 [¶ 10] A taxpayer may apply for an abatement or refund of property taxes under N.D.C.C. § 57-23-04(1) :
 

 "Upon application filed in the office of the county auditor on or before November first of the year following the year in which the tax becomes delinquent, as in this chapter provided, the board of county commissioners may abate or refund, in whole or in part, any assessment or tax upon real property."
 

 The statute lists eight cases when a taxpayer may apply for an abatement or refund, including "[w]hen taxes have been erroneously paid,
 
 or errors made in noting payment
 
 , or in issuing receipts therefor." N.D.C.C. § 57-23-04(1)(e) (emphasis added). If the Thompsons believed the County erred by not accepting and honoring their promissory notes as payment for the property
 taxes, their remedy was to seek redress with the Walsh County Board of Commissioners under N.D.C.C. § 57-23-04(1).
 

 [¶ 11] In granting summary judgment in the Defendants' favor, the district court determined the Thompsons "did not file an application for correction, abatement or refund, pursuant to N.D.C.C. ch. 57-23, for any part of the 2013, 2014, or 2015 property taxes." The court dismissed the Thompsons' "claims and causes of action related to ... [the] taxation of [their] Property ... without prejudice pursuant to N.D.C.C. § 57-45-09." The court dismissed the Thompsons' remaining claims against the Defendants with prejudice. Under N.D.C.C. § 57-45-09, claims related to property taxes first must be submitted to the board of county commissioners, and "any action brought without having been first submitted to the board of county commissioners must be dismissed without prejudice." Because the Thompsons did not first submit their property tax claims to the Walsh County Board of Commissioners, the court did not err by dismissing the Thompsons' claims.
 

 III
 

 [¶ 12] The Defendants argue the Thompsons' appeal is frivolous and request double costs and attorney's fees. The Defendants' attorney submitted an affidavit and itemized statement stating the Defendants incurred attorney's fees of $5,295 defending the appeal, plus additional fees and costs for oral argument.
 
 See
 

 United Bank of Bismarck v. Young
 
 ,
 
 401 N.W.2d 517
 
 , 519 n.1 (N.D. 1987) (stating "that if more than a token amount of attorney fees is sought in a request to this court to impose monetary sanctions under Rule 38, N.D.R.App.P., the request should be accompanied by an affidavit documenting the work performed on the appeal to enable us to calculate the amount of reasonable attorney fees to be assessed.").
 

 [¶ 13] "If [this Court] determines that an appeal is frivolous, ... it may award just damages and single or double costs, including reasonable attorney's fees." N.D.R.App.P. 38. "When reviewing the frivolous nature of an appeal, we consider whether there is such a ... complete absence of facts and law that a reasonable person might not have thought this Court would render a favorable judgment on appeal."
 
 Williams v. State
 
 ,
 
 405 N.W.2d 615
 
 , 625 (N.D. 1987) (internal quotation marks omitted).
 

 [¶ 14] The Thompsons' brief includes numerous frivolous assertions and conclusions, including:
 

 "¶ 3 All bills are obligations of the United States as per U.S.C. TITLE 18 > PART I > CHAPTER I > Sec. 1. > Sec. 8. -Obligation or other security of the United States defined.
 

 ...
 

 ¶ 52 It is true that a woman cannot sue or be sued under the common law unless under the doctrine of 'Coverage' or 'Coverature'
 

 ...
 

 ¶ 58 There is only one jurisdiction-that of the United States.
 

 ...
 

 ¶ 106 Cancelled stamps are legal tender for all debts, public and private as well as all other obligations of the United States.
 

 ...
 

 ¶ 113 The IRS states that Federal Reserve Notes are worthless
 

 ...
 

 ¶ 158 The NDCC is null and void. It is Roman Civil Law. It is also a combination of Socialism, such as Marxism,
 Communism, and National Socialism, (Nazism)."
 

 The Thompsons also claimed "it is the federal government's obligation to pay the real estate tax."
 

 [¶ 15] The Thompsons' alleged facts and arguments on appeal are "so devoid of merit that [they] should have been aware of the impossibility of success."
 
 Lithun v. DuPaul
 
 ,
 
 449 N.W.2d 810
 
 , 811 (N.D. 1989). Therefore, the Defendants are awarded double costs and $5,000 in attorney's fees for a frivolous appeal. N.D.R.App.P. 38.
 

 IV
 

 [¶ 16] The Thompsons' remaining arguments have been considered and are either unnecessary to our decision or without merit. We affirm the judgment, award double costs and order the Thompsons to pay $5,000 in attorney's fees to the Defendants.
 

 [¶ 17] Daniel J. Crothers
 

 Jerod E. Tufte
 

 Jon J. Jensen
 

 Ronald E. Goodman, S.J.
 

 Gerald W. VandeWalle, C.J.
 

 [¶ 18] The Honorable Ronald E. Goodman, S.J., sitting in place of McEvers, J., disqualified.
 

 Jann Thompson was the record owner of the property until January 2017, when she conveyed the property to herself and Daniel Thompson.