# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2021 ND 50

Ben Gerving,

Plaintiff and Appellant

v.

Janet Gerving,

Defendant and Appellee

and

State of North Dakota

Statutory Real Party in Interest

## No. 20200291

Appeal from the District Court of Oliver County, South Central Judicial District, the Honorable John W. Grinsteiner, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Justin D. Hager, Bismarck, ND, for plaintiff and appellant.

Erica J. Shively, Bismarck, ND, for defendant and appellee.

**Crothers, Justice.**

[¶1]   Ben Gerving appeals from an amended divorce judgment and parenting plan. He argues the district court's distribution of marital assets and debts was clearly erroneous. Janet Gerving argues the appeal is frivolous and she is entitled to costs and attorney's fees. The amended divorce judgment and parenting plan are affirmed, and Janet Gerving's request for attorney's fees is denied.

I

[¶2]   Ben Gerving and Janet Gerving were married in 2004. The parties have two minor children and own and operate a farm that has been in Ben Gerving's family for three generations. Ben Gerving is employed as a road grader in Oliver County, and Janet Gerving is employed as a certified nursing assistant at Elm Crest Nursing Home in New Salem, North Dakota.

[¶3]   A divorce trial was held on May 7, 2019. The district court issued its findings of fact, conclusions of law, and order for judgment on June 12, 2019. The court found the facts supported an equal division of the marital estate but that the law disfavored breaking up family farms. Therefore, the court awarded Ben Gerving the entire farm, including the homestead, livestock, and equipment. The court noted the award would only become a windfall to Ben Gerving if he sold the land, and in the event he sold the land, the proceeds were to be distributed equally between Ben Gerving and Janet Gerving. Janet Gerving was awarded her retirement account and annual property equalization payments of $6,000 over 16 years.

[¶4]   Janet Gerving appealed the district court's original judgment, and this Court reversed. *Gerving v. Gerving*, 2020 ND 116, 943 N.W.2d 797. This Court concluded Ben Gerving was awarded approximately 90% of the marital estate, that distribution was not equitable and the district court clearly erred by retaining jurisdiction over a final property distribution.

[¶5] On remand, the district court noted it had a choice to either force a sale of the land and divide the proceeds or divide the land with an equity payment stretched out over a number of years. In choosing the latter, the court awarded Janet Gerving two parcels of land and Ben Gerving the other two parcels of property with a considerably higher value. Ben Gerving also received the farm equipment and animals, and the farm's operating loan and debt. Ben Gerving was ordered to make equalization payments to Janet Gerving over 20 years. The court noted its new distribution ultimately awarded each party half of the assets. This new distribution was reflected in the amended divorce judgment and parenting plan, issued September 15, 2020. Ben Gerving appeals from that judgment.

## II

[¶6] Ben Gerving argues the district court's property distribution on remand should leave this Court with a definite and firm conviction a mistake has been made. Ben Gerving claims the court's order makes selling the farm an eventual certainty, that forcing the sale of a family farm should be an absolute last resort, and that doing such was clearly erroneous. We conclude the evidence supports the district court's findings, the decision on property division was adequately explained, we are not left with a definite and firm conviction a mistake was made, and the court's decision is not clearly erroneous. We summarily affirm under N.D.R.App.P. 35.1(a)(2).

## III

[¶7] Janet Gerving argues she is entitled to costs and attorney's fees under Rule 38 of the North Dakota Rules of Appellate Procedure. She asserts Ben Gerving's arguments on appeal are so groundless and devoid of merit that she should be awarded costs and fees.

[¶8] Rule 38 of the North Dakota Rules of Appellate Procedure provides: "An appeal is frivolous if it is flagrantly groundless, devoid of merit, or demonstrates persistence in the course of litigation which could be seen as evidence of bad faith." *Larson v. Larson*, 2002 ND 196, ¶ 13, 653 N.W.2d 869. "When reviewing the frivolous nature of an appeal, we consider whether there

is such a '. . . complete absence of facts and law that a reasonable person might not have thought this Court would render a favorable judgment on appeal.'" *Williams v. State*, 405 N.W.2d 615, 620 (N.D. 1987).

[¶9]   Janet Gerving argues Ben Gerving provides no good faith legal argument to support his contention the district court's property distribution should be overturned. She asserts Ben Gerving presents only arguments previously decided by this Court in *Gerving I*. We disagree. The issues in this appeal and *Gerving I* are different due to the change in property distribution upon remand. Ben Gerving presented an argument this Court should be left with a definite and firm conviction a mistake was made as to the distribution on remand. We conclude Ben Gerving's arguments on appeal were not so groundless or devoid of merit that they were frivolous. Janet Gerving's request for attorney's fees is denied.

## IV

[¶10]   The amended divorce judgment and parenting plan are affirmed, and Janet Gerving's request for attorney's fees is denied.

[¶11]  Jon J. Jensen, C.J.
       Gerald W. VandeWalle
       Daniel J. Crothers
       Lisa Fair McEvers
       Jerod E. Tufte

3