# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2021 ND 181

In the Matter of the Estate of Lyle M. Nelson, Deceased.

First National Bank and Trust Co. of Williston,
as personal representative of the Estate of
Lyle M. Nelson, Lavina Domagala, Trust Officer,      Petitioner and Appellee

     v.

Glenn S. Solberg,      Respondent and Appellant

     and

Sharon Solberg Yoder; Bruce Solberg; Elaine Solberg Olson;
Gloria Dei Lutheran Church; United Lutheran Church of Zahl;
Dakota Boys Ranch of Minot; Heritage Center of Williston;
Sons of Norway Lodge #086 of Williston; James Memorial
Preservation Society (Old Library); Veterans and Friends of
Old Armory; Douglas Murawski; James Murawski; Sandra Barnum;
Eric Olson; Samuel Olson; Adam Olson; Tracy Solberg Willette;
Angela Solberg; Russell Solberg,      Respondents

## No. 20210084

Appeal from the District Court of Williams County, Northwest Judicial
District, the Honorable Joshua B. Rustad, Judge.

AFFIRMED.

Opinion of the Court by VandeWalle, Justice.

Brent M. Olson, Minot, ND, for petitioner and appellee.

Glenn Solberg, self-represented, Zahl, ND, respondent and appellant.

**Estate of Nelson**
**No. 20210084**

**VandeWalle, Justice.**

[¶1]   Glenn Solberg appealed from two district court orders denying his motions for relief under N.D.R.Civ.P. 60(b)(6). We summarily affirm under N.D.R.App.P. 35.1(a)(1) and (4), and award costs and attorney fees.

[¶2]   The Lyle Nelson Estate requests attorney fees and costs under N.D.R.App.P. 38 for a frivolous appeal. If an appeal is frivolous, this Court may award damages and costs, including attorney's fees. N.D.R.App.P. 38. "An appeal is frivolous if it is flagrantly groundless, devoid of merit, or demonstrates persistence in the course of litigation which could be seen as evidence of bad faith." *Gerving v. Gerving*, 2021 ND 50, ¶ 8, 956 N.W.2d 403 (quoting *Larson v. Larson*, 2002 ND 196, ¶ 13, 653 N.W.2d 869). Solberg's arguments and unsupported assertions are "so factually and legally devoid of merit that [he] should have been aware of the impossibility of success on appeal." *Nails v. US Bank (USA) N.A.*, 2015 ND 51, ¶ 2, 861 N.W.2d 172 (quoting *Riemers v. O'Halloran*, 2004 ND 79, ¶ 16, 678 N.W.2d 547). We previously concluded Solberg's arguments were frivolous and completely without merit. *Estate of Nelson*, 2018 ND 118, ¶ 14, 910 N.W.2d 856. Solberg is attempting to relitigate the same issue that was previously decided by this Court. *Id.* at ¶ 11 ("The district court properly concluded that, with certainty, it would be impossible for Glenn Solberg to obtain the relief he requested from the Lyle Nelson Estate.").

[¶3]   If a party seeks more than a token amount of attorney fees, an affidavit documenting the work performed should accompany the request. *Thompson v. Molde*, 2018 ND 245, ¶ 12, 919 N.W.2d 341. The Lyle Nelson Estate submitted an affidavit and itemized statement, however, the documented amount, $10,832.60, includes travel expenses to attend oral argument. Because oral argument in this case was held by reliable electronic means, we award the Lyle

Nelson Estate double costs and attorney fees in the amount of $9,500 for defending the frivolous appeal.

[¶4]  Jon J. Jensen, C.J.
      Gerald W. VandeWalle
      Daniel J. Crothers
      Lisa Fair McEvers
      Jerod E. Tufte